[PHILADELPHIA, JANUARY 18th, 1837.]

## M‘LAUGHLIN *against* SMITH.

#### APPEAL.

The costs of a *scire facias* on a mechanics' lien, are to be paid out of the fund raised by the sale of the building upon which the lien attached, in like manner as the amount of the lien; although the *scire facias* had not been prosecuted to a judgment at the time of the sheriff's sale.

APPEAL by Wm. M‘Laughlin, from a decree of the District Court for the City and County of Philadelphia, distributing the proceeds of a sheriff's sale of a certain messuage and lot of ground, in the city of Philadelphia, sold by virtue of a writ of *venditioni exponas*, issued in an action brought by William M‘Laughlin against John Smith, administrator of John Mooney.

The only question arising upon this appeal was, whether the plaintiff in a *scire facias* upon a mechanics' lien, which had not been prosecuted to judgment, was entitled to receive the costs of the *scire facias* out of the fund, in preference to a judgment creditor.

The District Court decided that he was so entitled, and Mr. *M‘Laughlin* contended in this Court, that there was no preference given to the costs of a *scire facias* by the act of 1806, relating to mechanics' liens.

The Court declined hearing Mr. *C. Ingersoll,* contra.

PER CURIAM.—This is a matter perhaps not without interest, as a point of practice, but certainly without difficulty. A mechanic or a material-man, is bound to issue his *scire facias* in a given time, or lose his lien; and where the building has been judicially sold before he has prosecuted it to judgment, what is he to do? He is not to lose the costs; and yet he cannot proceed to judgment of revival, as the lien has been discharged by the sale. Must he proceed to a judgment for costs? That would induce a useless and senseless increase of the burthen on the fund, and retard the distribution of it, while it would benefit no one. The costs of the *scire facias* were therefore properly allowed.

Decree affirmed.