# Franklin Coal Company *versus* Bertels et al.

1. A sale of unseated land for taxes passes the title to the purchaser although the land may not have been taxed and sold in the name of the real owner.

2. In such a case, however, the land must be identified and distinguished in the assessment as the same land as that in controversy; and in case of dispute the question of identification is for the jury.

April 14th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ. GREEN J., absent.

[Franklin Coal Co. v. Bertels.]

ERROR to the Court of Common Pleas of *Luzerne county :* Of January Term 1885, No. 439.

Ejectment, by Arnold Bertels et al., against the Franklin Coal Company, for a tract of land in Hanover township, containing 130 acres. Plea, not guilty.

On the trial, before RICE, P. J., the plaintiffs having shown title out of the Commonwealth, based their claim upon an assessment of the land in dispute for taxes for 1864 and 1865, as "unseated;" and a sale by the treasurer to the commissioners, who conveyed the property to plaintiffs by deed dated October 17th, 1871, the period allowed for redemption having expired.

Plaintiffs gave in evidence a certified draft of the land included in the patent and then offered in evidence certified list of unseated lands from the commissioners to the treasurer, for the years 1864 and 1865, containing the following entries : 130 acres, Joseph Newbold, or No. 2, 1st division, Hanover township. Taxes, $1.46, state; $2.44, county; $2.34, school. 1865, $1.46, state; $1.95, county; (no school.) Offered for the purpose of showing that the lands were assessed for taxes of that year, certified to the treasurer, and by the treasurer, sold to the commissioners. To be followed by testimony showing that Joseph Newbold is a part of Nos. 1 and 2, and a part of the land certified to J. Rosencrantz, covered by the patent already in evidence. Objected to as immaterial and irrelevant. Objection overruled and evidence admitted. Exception. (Third assignment of error.)

Plaintiff gave in evidence Treasurer's Sale Book showing the sale by the treasurer to the commissioners for taxes of 1864 and 1865, certified by the commissioners to the treasurer as having been levied and assessed against 130 acres of the land in controversy. Plaintiffs then offered the commissioners' deed to the plaintiff. Objected to because the prerequisites are not shown authorizing the acknowledgment and delivery of such a deed. Objection overruled. Exception. (Tenth assignment of error.)

In order to identify the land covered by their writ with the land assessed and sold for taxes, plaintiffs first offered evidence to show that a certain tract of land in Hanover township was assessed from 1842 to 1846, and from 1857 to 1865, in the name of Joseph Newbold. Objected to as immaterial. Objection overruled and evidence admitted. Exception. (Second assignment of error.) Plaintiffs also offered evidence to show that in July 1854, the land in suit was surveyed at the instance of the attorney for the heirs of one Joseph Newbold. Objected to. Objection overruled and evidence admitted. Exception. (Fourth assignment of error.)

. Three witnesses were called who testified, in substance, that the land in suit was commonly called the Newbold lot. This testimony was admitted under objection. (Fifth, sixth and seventh assignments of error.) It was not shown by a writing of any kind that any one named Newbold ever had any title to this property.

Defendant, for the purpose of proving title to the land, gave in evidence the assessment and treasurer's deed showing a tax sale in 1858 to S. S. Winchester of 80 acres, part of No. 1, 1st division, Hanover township, as unseated land, and a conveyance of the same to the defendant. There was a conflict of testimony as to whether the tax sale was upon the property in dispute. Plaintiffs claimed that it was upon another part of this same division. Defendant offered to show that the one half part of certified lot No. 1, Hanover township, known as the Waller part, has been seated land since 1850—for the purpose of showing that the eighty acres of 240 acres of lot No. 1, sold to Winchester and subsequently conveyed to the company, can only properly be located on the other half of lot No. 1, or the land in dispute. Objected to as immaterial. Objection sustained. Exception. (First assignment of error.)

Defendant presented, inter alia, the following points:—

2. "The plaintiffs have failed to identify by sufficient legal proof the land in suit with the land assessed and sold for taxes to the commissioners in 1866, and therefore are not entitled to recover."

*Answer.* "I am not prepared to say that the fact of a tract being called by a certain name, and commonly known by that name by the people who knew the tract and by the taxing officers, might not be so well and thoroughly established as to be evidence which a jury could take into consideration in passing upon the question of identification. We therefore negative the defendant's request upon this point, and submit the question of fact to you." (Eighth assignment of error.)

3. "The plaintiffs sue for an entire tract or piece of land alleged to contain 130 acres, a portion of which, by the uncontradicted evidence, has been shown to have been seated by actual residence in 1864 and 1865, when the taxes were assessed for which the land was subsequently sold in 1866. Such seating of part seated the entire tract, and therefore the plaintiff is not entitled to recover."

*Answer.* "This point is answered in the negative. Does the evidence show that there was such a severance of a part of this tract from the rest by such distinct boundary line or line of demarcation or adverse claim, as would leave the rest of the tract unseated and liable to taxation as such?" (Ninth assignment of error.)

[Franklin Coal Co. *v.* Bertels.]

6. "Under the evidence, S. S. Winchester and the defendant after him, paid taxes upon 80 acres of No. 1, 1st division Hanover township, on the unseated list from 1858 to 1864, inclusive; and since 1864 on 193 acres of the same lot, on the *seated* list. If the jury believe that the said 193 acres include the Waller half of No. 1, containing about 102 acres, the Jones improvement containing about 11 acres, and the 80 acres bought of S. S. Winchester, then the sale for taxes of any portion of said land as unseated in 1866 was void and gave no title."

*Answer.* Affirmed with a qualification that the jury find the eighty acres to be identical with the land in controversy.

The court left the question to the jury to determine whether the tract in suit was the same that was assessed and sold to plaintiffs.

Verdict for plaintiffs for all of the tract in suit not disclaimed, and judgment thereon. Defendant took this writ of error, assigning for error the ruling on the offers of evidence and the points as above noted.

*Henry W. Palmer* (*Henry A. Fuller* with him), for plaintiff in error.—The cultivation of several acres fixes the character of the whole tract as seated, and renders a sale for taxes unlawful: Sheaffer *v.* McKabe, 2 Watts, 421; Fish *v.* Brown, 5 Watts, 441; whether the improvement be made by the owner or an intruder: Green *v.* Watson, 10 Casey, 332.

*E. S. Osborne,* (*John Lynch* and *Garrick M. Harding* with him), for defendants in error. The identification of land sold as unseated is for the jury in case of dispute: Russel *v.* Werntz, 12 Harris, 337; Miller *v.* Hale, 2 Casey, 432; and Harper *v.* McKeehan, 3 W. & S., 238. A sale in satisfaction of an assessment of taxes conveys a good title to the purchaser. The name of the warrantee and township are circumstances of description, and if these do not accord with the actual facts the identity of the land may be established by evidence which will be satisfactory to the jury: Woodside *v.* Wilson, 8 Casey, 52; Strauch *v.* Shoemaker, 1 W. & S., 166.

The opinion of the court was delivered, April 27th, 1885.

PER CURIAM. The plaintiffs below claimed under a treasurer's sale for the non-payment of taxes. The validity of that sale is attacked, but the former owners did not return the land as the Act of Assembly contemplates they shall, nor did they pay the taxes thereon. When unseated land subject to taxation is sold, the title of the real owner passes to the purchaser, in

whatever name it be assessed and sold, even if the person in whose name it was sold has not title thereto: Strauch *v.* Shoemaker, 1 W. & S., 166. It is the land itself and not the owner of it, that is debtor to the public charge. The question of the identity of this tract being the one that was assessed and sold, as well as whether there was such a severance of a part of this tract by a distinct line of demarcation so as to leave the rest unseated, were well and carefully submitted to the jury. The law was correctly declared. We see no error in the record.

Judgment affirmed.