# Bright *v.* Allan, Appellant.

*Equity—Jurisdiction—Right of way.*

Where the answer to a bill in equity to restrain the obstruction of the right of way, admits a right of way of a certain width, equity has jurisdiction, although the exact width and the particular location of the right of way on the ground is not definitely fixed.

Where a right of way is admitted, but there is no evidence as to the width, it is but reasonable to allow sufficient width to admit of convenient use.

On a bill in equity to prevent the obstruction of a right of way where it appears that a deed to the plaintiff's predecessor in title, and another person had not been recorded and was made illegible by a fire, but that a subsequent mortgage and a deed to the plaintiff by his cotenant contained recitals as to the grant of the right of way in the illegible deed, and it also appears that plaintiff and his predecessor in title had been in possession ever since, there is sufficient evidence to sustain a finding that the plaintiff had title to the right of way which he claimed. In such a case the mortgage and the deed of the cotenant are proper evidence.

*Evidence—Lost paper—Circumstantial evidence.*

While the fact of the former existence of a written instrument must be clearly proved, direct evidence is not required in all cases, but the proof may be made by showing facts and circumstances from which the existence of the instrument may be inferred.

Argued Feb. 19, 1902. Appeal, No. 404, Jan. T., 1901, by defendant, from decree of C. P. Schuylkill Co., Sept. T., 1899, No. 5, on bill in equity in case of Joseph C. Bright and George L. Bright v. Thomas G. Allan. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Bill in equity to restrain the obstruction of a right of way.

Marr, J., found the facts to be as follows:

1. That Samuel Silliman, on April 13, 1839, became the owner of a piece of ground, situate in the borough of Pottsville, containing 120 feet on Centre street and extending of that width westwardly along Mahantongo street a distance of 230 feet to Second street, and whilst the owner of said ground divided it into lots and laid out for the use of the owners of the lots an alleyway twelve feet in width, commencing on Mahantongo street, about 100 feet west of Centre street, and

extending southwardly towards lot six and then eastwardly to the rear of complainants' property.

2. That the alleyway commencing on Mahantongo street and extending southwardly has well defined boundaries in height and in width of eleven feet and seven inches for forty feet and from the termination of the forty feet, whilst a right of way exists, yet it has been uncertain in its location so far as the use of same relates.

3. That complainants and those under whom they claim title, have owned since October, 1859, the plot of ground described in the first paragraph of their bill of complaint, and have used the alleyway referred to for the purpose of reaching the rear of their property, and in passing to and from the rear of their property from the termination of the forty-foot alleyway, have not used any well marked or defined path or road, but have driven across respondent's ground diagonally in different ways.

4. That respondent and those under whom he claims title have owned the adjoining plot of ground and all of the ground in the rear of complainants' property, for over fifty years, and have used the same for hotel purposes.

5. That respondent, within the last few years, has rebuilt his hotel buildings and, in so doing, has extended them westward to the line of the alley referred to, and has raised the dividing walls which existed between the adjoining buildings, in height from three to twelve feet, and in thickness, nine inches, and has occupied eleven feet two inches by eight and one half inches of the twenty-nine feet and three inches ground in the rear of complainants' lots, which ground belongs to respondent and has been and is used by him and his predecessors in ownership for hotel purposes.

6. That the dividing wall between adjoining properties of complainants and respondent was erected, and has been continuously used, as a party wall.

7. That the additional use of the dividing wall made by respondent has not weakened same or increased its burden beyond what it is competent to bear.

8. That the use of the twenty-nine feet and six inches by complainants, so far as the same has been used, has been in common with the use and occupancy of the same by the owners

of the hotel property and their tenants and has not been adverse to the rights or occupancy of the respondent.

9. That the erection of the hotel building, as now constructed, does not interfere with complainants' right of way as found to exist by this opinion.

10. That complainants are entitled to use a right of way commencing on Mahantongo street and extending in width eleven feet and seven inches southwardly, parallel with Centre street, to the southern boundary line of the hotel buildings as now erected, and extending, from that point eastwardly, of the same width, to the rear of complainants' property.

11. That the maintaining any frame box or boxes or buildings, stones, iron or any material in the right of way as indicated in this opinion is an interference with the complainants' use of said right of way and must be removed.

12. That the areaways, in rear of hotel buildings, if properly constructed and covered with sufficient gratings, will not interfere with complainants' use of the right of way.

And now, to wit: September 2, 1890, after hearing and argument and due consideration, it is herewith ordered, adjudged and decreed:

1. That the respondent, Thomas G. Allan, within ninety days from the confirmation of this decree, will securely construct and cover the areaways in the alleyway, leading from Mahantongo street, southwardly and in the rear of the hotel buildings erected on respondent's property, by gratings of iron or other material of sufficient strength to safely sustain the weight of horses and loaded vehicles, passing over same, and that said areaways and coverings be placed on a grade with the alleyway and be thus maintained in the future.

2. That said respondent, Thomas G. Allan, be directed to keep open and free from all obstructions an alleyway eleven feet and seven inches in width, commencing on Mahantongo street and extending southwardly, parallel with Centre street, to the southern boundary line of the hotel buildings, as now erected, and extending from that point, eastwardly, of the same width to the rear of complainants' property.

3. That said respondent, Thomas G. Allan, remove all boxes, stones, iron or other obstructions from said alleyway and keep same free from all obstructions, and that complainants shall at

all times have the right to use the said alleyway for the purpose of passing to and from the rear of their property by their employees, their teams or their patrons.

4. That the respondent pay the cost of this proceeding.

*Errors assigned* were in overruling exceptions to the findings of the court, and in entering the decree above recited.

*R. H. Koch,* for appellant.—The plaintiffs' use of the hotel yard has been only permissive, a mere license, terminable at defendant's will: Arnold v. Cornman, 50 Pa. 361; Bennett v. Biddle, 140 Pa. 396; 150 Pa. 420; Gowen v. Phila. Exchange Co., 5 W. & S. 143; Root v. Com., 98 Pa. 170.

Where a plaintiff's right is in doubt, a court of equity has no jurisdiction: Duncan v. Hollidaysburg & Gap Iron Works, 136 Pa. 478; North Penn. Coal Co. v. Snowden, 42 Pa. 488; Rhea v. Forsyth, 37 Pa. 503.

*E. D. Smith* and *Guy E. Farquhar,* for appellees.—Equity has jurisdiction in this case, because the nature of the injury is such that it cannot be adequately compensated by damages, or will occasion a constantly recurring grievance: Masson's Appeal, 70 Pa. 26; Allison and Evans' Appeal, 77 Pa. 227; Pennsylvania Lead Co.'s Appeal, 96 Pa. 123; Ritter v. Sieger, 105 Pa. 403; Scheetz's Appeal, 35 Pa. 88; Bispham's Equity, sec. 484; Earley's Appeal, 121 Pa. 496; Johnston v. Price, 172 Pa. 427.

Injunction is the appropriate remedy for the prevention of trespasses and nuisance: Walters v. McElroy, 151 Pa. 549; Com. v. Pitts. & Connellsville R. R. Co., 24 Pa. 159; Sheetz's App., 35 Pa. 88; Stewart's App., 56 Pa. 413; Masson's App., 70 Pa. 26; Allison's App., 77 Pa. 221; Bitting's App., 105 Pa. 520; Hacke's App., 101 Pa. 249; Manbeck v. Jones, 190 Pa. 171; Weaver v. Getz, 16 Pa. Superior Ct. 418.

OPINION BY MR. JUSTICE POTTER, October 13, 1902:

This was a bill in equity for an injunction to restrain the defendant from obstructing a right of way, and to prohibit an additional use of a dividing wall between adjoining properties of plaintiffs and defendant.

It is suggested in this appeal that the plaintiffs' right is doubtful, and therefore a court of equity has no jurisdiction. But as we read the defendant's answer, it is not denied that plaintiff is entitled to a right of way. The exact width and the particular location upon the ground is not definitely fixed, but the third paragraph of the answer contains a clear admission of a right of way, to the width of seven feet and six inches. With that acknowledgment before us, and the right admittedly in existence, we have no hesitation in holding that a court of equity is better fitted than a court of law to determine the location and fix the width of the right of way.

There is nothing in the evidence to support the defendant's contention that the right of way is confined to the width of seven feet and six inches. In case of an admitted right of way, with no evidence as to the width, it is but reasonable to allow sufficient width to admit of convenient use. In Stevenson v. Stewart, 7 Phila. 293, Judge ALLISON, citing Salisbury v. Andrews, 19 Pick. 250, says : " A right to pass over vacant and unoccupied land, where no way actually exists or is used, would be the grant of a convenient way, the direction and width of which would be determined by various circumstances."

A similar rule would apply where the right of way granted is of an undefined width. In Walker v. Pierce, 38 Vt. 94, it was ruled that the true limit of the grant was a space reasonably convenient for the purpose for which it was granted.

It is said in Miller v. Lynch, 149 Pa. 460, that to stay the arm of a chancellor, it is not enough for the defendant to deny the plaintiff's right ; his denial must be based upon facts which show a substantial dispute. So when, as here, a right of way of indefinite width is claimed, the defendant cannot defeat the jurisdiction of equity by an answer which admits the right, but limits it to a width insufficient for convenient use, especially when this limitation is not supported by testimony.

The trial court finds as a matter of fact, in answer to plaintiffs' second request, that " complainants have been the owners with those under whom they claim, since October, 1859, of the premises referred to in the first paragraph of complainants' bill, and have had the right of way through an alleyway, commencing at the southerly side of Mahantongo street, and extending forty feet in a southerly direction, and eleven feet

seven inches in width, which right of way to this extent has been well defined for years, and the court further finds as a fact that the complainants exercise a right of way in common with others, by which they reach the rear of the building, erected on their property, but do not find that that right of way at any place was at the width of twenty-nine feet six inches, but as used was of an indefinite width, and of varying location."

There was ample evidence to justify this finding. The admission in the third paragraph of defendant's answer would of itself have been sufficient, had it not been for the limitation there placed upon the width of the right of way. In addition to this, it appears from the evidence that a certain deed in the plaintiffs' chain of title from John Hughes to Bright and Lerch, dated July 1, 1859, was not recorded, and was subsequently rendered illegible by fire, and was lost. But the fact that this deed was made, appears from the deed by the same John Hughes which conveyed defendant's lot. And it is also admitted that the plaintiffs and their predecessors in title have been in possession ever since.

On July 1, 1859, which was the date of the recited deed from Hughes to Bright and Lerch, they made a mortgage of the same premises to Barcroft, from which it appears that they claimed to have a title on the day the deed is recited to have been made to them. This mortgage contains the words, " with a right of entrance to the same from Mahantongo street."

On October 31, 1859, George Lerch conveyed his interest in said lots to George Bright. This deed contains a recital that the premises are the same which, " with the appurtenances, consisting of two three story brick stores, at present occupied by Bright and Lerch, with the right of entrance to the same from Mahantongo street in said borough, John Hughes and wife . . . . by their indenture, dated the first day of July, 1859, granted and conveyed to George Bright and George Lerch," etc.

This mortgage and deed were admitted in evidence against the objections of the defendant, and form the subject of the first four assignments of error. We think, however, that the recital in the deed of George Lerch to George Bright dated October 31, 1859, above quoted, taken in connection with the

evidence as to the subsequent acts of the parties who respectively own plaintiffs' and defendant's lots, is evidence that the deed of Hughes to Bright and Lerch, dated July 1, 1859, did convey to them, along with their lot, " the right of entrance to the same from Mahantongo street." If authority be needed for this proposition, it may be found in Reinboth v. Zerbe Run Imp. Co., 29 Pa. 139.

And in 19 Am. & Eng. Ency. of Law (2d ed.), 576, it is said : " While the fact of the former existence of the instrument must be clearly proved, direct evidence is not required in all cases, but the proof may be made by showing facts and circumstances from which the existence of the instrument may be inferred."

To the same effect is Dorff v. Schmunk, 197 Pa. 298, and the case of Garwood v. Dennis, 4 Binney, 314, therein cited. That there was a deed in existence conveying the lot to Bright and Lerch is not disputed. The deeds in defendant's chain of title recite the fact that this lot which plaintiffs occupy was conveyed to Bright and Lerch. The injury to the deed by fire in 1861 is shown by the testimony of Joseph C. Bright. That diligent and thorough search was made for the deed, and that it could not be found is shown by the testimony of George L. Bright. The evidence shows acts of the respective owners of both plaintiffs' and defendant's lots recognizing plaintiffs' right to enter from Mahantongo street. One of the most important of these is the closing of another alley from Centre street, running along the north side of plaintiffs' lot. The existence of this alley is admitted by all, and is recited in the deed of Hughes conveying the defendant's lot to Matz in these words, " thence eastwardly along said ground (lately bought by Bright and Lerch). at right angles with Centre street eighty-five feet, passing along the south wall of an arched alley to the westwardly side of Centre street."

This recital shows that when plaintiffs' predecessors bought this lot it was bounded by this alley. Evidently it could not be closed without the consent of Bright and Lerch unless the right to close it was somewhere reserved. No such reservation is shown in any of the deeds in evidence, therefore if reserved at all, it must have been in the lost deed. But the deed of Lerch to Bright for plaintiffs' lot recited with reference to the lost deed, that it reserved " for themselves (owners of de-

fendant's lot) their heirs and assigns, the right to close up and appropriate to their exclusive use the alley way adjoining said premises leading into Centre street."

With regard to closing the alley, it is stated by a witness, J. C. Bright, that there "was a question whether they had a right to close it, and I think Jesse Drumheller was owner at that time, and he closed it and we made no objection, because our rights were definitely ascertained to be through Mahantongo street, and we rested on that, and made no objection to his closing it and putting the barber shop there, and so after that we always used Mahantongo street entrance every day or so, almost every day."

This recital as to the reservation of the right to close the alley made in the deed from Lerch to Bright was against the interest of both of them. It was made only four months after the deed recited was made, while it was in existence, in their chain of title, and it cannot be supposed that it falsely admitted a right to close the alley along the North side of their lot, which was the only means of access to the rear.

Another strong circumstance is the use by the plaintiffs of the alley from Mahantongo street as a right of way for so many years. The fact of the use is not only thoroughly established by the testimony, but it is also shown that this use was under a claim of right.

We think, therefore, that the evidence would have justified a finding that the deed of Hughes to Bright and Lerch, dated July 1, 1859, contained an express grant of the right of way. And that therefore all objections to the acquirement of a right of way based upon the shifting course taken by plaintiffs' teams in passing over the ground, would be without force. Such objections are of weight only where it is sought to establish a right of way by a presumption of a grant arising from adverse use.

The court below was justified in its location of the right of way and its width. The location is dictated by a due regard for the convenience of both parties, and its seems reasonable that the width should be the same as the width of the alley at the point of its entrance from Mahantongo street, namely, eleven feet, seven inches.

In the second clause of the decree, the court has inadvertently used language which may mislead, in that it decrees that

the passageway shall extend " to the southern boundary line of the hotel buildings as now erected, and extending from that point eastwardly of the same width to the rear of the complainant's property." What the court evidently meant to say was that the passageway should extend to a point eleven feet seven inches south of the southern boundary line of the hotel buildings as now erected, and extending from that point eastwardly of the same width to the rear of the complainants' property.

It is manifest under the view taken by the court that the passageway should extend far enough south to enable the plaintiffs to reach their property, with their teams, by driving over the passageway defined by the court, in a manner that would cause the least inconvenience to the defendant.

The disposition of the costs in this case was within the power of the chancellor, and we see no reason to doubt that his discretion was properly exercised.

This appeal is dismissed at the cost of the appellant. In so far as the questions herein raised are concerned, the decree of the court below is affirmed, when verbally modified in the second paragraph thereof as suggested in this opinion.