# Woodbury, Appellant, *v.* Allan.

*Easement—Right of way—Permissive use—Presumption of grant—Adverse use.*

If the use of a way is merely a permissive use, no presumption of grant can use from lapse of time.

Even where a right of way or other easement has been acquired by grant twenty-one years' occupation of the land adverse to the easement and inconsistent with it bars the right.

Argued Feb. 12, 1906.   Appeal, No. 13, Jan. T., 1906, by plaintiff, from decree of C. P. Schuylkill Co., Nov. T., 1904, No. 2, dismissing bill in equity in case of W. K. Woodbury v. William L. Allan, Clyde G. Allan and M. Louisa Allan.   Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for an injunction.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* among others was in dismissing the bill.

*W. K. Woodbury*, with him *J. F. Whalen*, for appellant.

*R. H. Koch*, for appellees.

OPINION BY MR. JUSTICE POTTER, May 24, 1906 :

The premises of appellant in this case are situated on the south side of Mahantongo street in the borough of Pottsville, and have a frontage of forty-one feet on said street, and a depth of forty feet.   The property adjoins that of J. H. Zerbey, in whose case, which raised substantially the same questions as those here involved, an opinion has just been filed.   The deeds to the property of the appellant in this case do not vest in him any express right to the use of the alley, on the east side of the Zerbey lot.   But the bill avers that the alleyway on the east of Zerbey's land " led to an open court in the rear of the buildings erected on Mahantongo and Center streets on the lots herein above described ; that said court long before and ever since the year 1859 has been used by those owning property abutting thereon for the purpose of driving in and out with teams and turning said teams, as well as for loading and unloading goods and merchandise, and for entrance to the rear or southern part of said premises by their predecessors in the title, as well as by other tenants, employees and customers, and for the purpose of ingress, egress and regress to the rear of said property."   The grounds upon which appellant bases his claim are not very clearly set forth, but the intention apparently is to claim a right by prescription to the use of the

court or yard in the rear of his premises, in common with the owners of other abutting properties. But the court below found as a fact that no such right was established by the testimony. Many witnesses were called and examined, but their testimony failed to show an adverse and uninterrupted use of the hotel yard as claimed by appellant. It does appear that the yard was used for access to the rear of Bright & Lerch's premises on Center street, but this was under an express grant, and was a privilege personal to the owners and occupants of that property; see Bright v. Allan, 203 Pa. 386. The testimony also shows that some of the properties abutting on the yard had access to it from their premises, and that frequently coal had been delivered and ashes taken out in that way, but the court below finds as a fact from the evidence that whatever use of the hotel yard was made in this way, was not adverse, but was merely permissive. The court further finds as a fact from the uncontradicted evidence that there has been no entrance from the property now owned by appellant into the yard or court in its rear since 1866. It appears that as long ago as 1877 the owner of the hotel had a frame carriage shed erected immediately back of and on the line of appellant's premises, and in 1878 erected also a brick stable and shedding which covered the entire rear of his property. This stable and shed were used for the purposes of the hotel and its guests, and were maintained until torn down by appellees for the purpose of erecting the building which is now under way, the construction of which appellant seeks to enjoin. The court below found as a matter of fact that neither appellant nor his predecessors in title have used the yard for any purpose whatever during the past forty years, and that the owners of the hotel have made an adverse use of the portion adjoining appellant's premises for a period longer than twenty-one years, and it was therefore held that the evidence did not establish any such a state of facts as would entitle the appellant to an injunction, and the bill was therefore dismissed. Under the facts found by the trial judge, we think the conclusion of law reached by him was entirely correct. In Nitzell v. Paschall, 3 Rawle, 76, Chief Justice GIBSON said (p. 82): "It is certainly true that a right of enjoyment may be lost in the same way it has been gained, and when acquired by an adverse user after twenty

years, it may, I should suppose, be lost by non-users for the same period." Even when a right of way or other easement has been acquired by grant, twenty-one years' occupation of the land adverse to the easement and inconsistent with it bars the right: Yeakle v. Nace, 2 Whart. 123 ; Lindeman v. Lindsey, 69 Pa. 93. We think the evidence was quite sufficient to sustain the findings of fact of the court below, and we see no error in its conclusions of law. Much of the discussion in the opinion which has just been filed in Zerbey v. Allan, ante, p. 383, is equally applicable to the present case.

None of the assignments of error are sustained and this appeal is dismissed at the cost of the appellant.