# Logan *v.* Smith, Appellant.

*Real property—Ways—Private lanes—Easements.*

Where no express grant is alleged, and an easement is sought to
· be implied, as attached to the grant of a fee the same must clearly
appear from the intention of the parties, as shown by the terms
of the grant, the situation of the property, and the res gestæ of the
transaction.

*Ways—Adverse possession—Easement—Case for jury.*

A right-of-way created by deed may be extinguished by posses-
sion held adversely for a period of twenty-one years, and, where
evidence was offered tending to show that a lane had been enclosed
and occupied exclusively for more than twenty-one years, the case
is for the jury as to whether or not the right-of-way existed.

Argued Nov. 18, 1918.   Appeal, No. 77, Oct. T., 1918,
by defendant, from judgment of C. P. Bucks Co., Sept.
T., 1916, No. 22, on verdict for plaintiff in case of Sara
W. Logan v. Charles H. Smith.   Before ORLADY, P. J.,
PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ.
Affirmed.

Trespass for damages for cutting down hedge along
lane leading to property of plaintiff in Bensalem Town-
ship, Bucks County.   Before RYAN, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff for $30 and judgment thereon.
Defendant appealed.

*Errors assigned* were the charge of the court, answers
to points, and refusal to enter judgment for defendant
n. o. v.

*Joseph G. Denny, Jr.,* and *Harman Yerkes,* and with
them *M. B. Saul,* for appellant.—Defendant's right to the
lane was not extinguished by disuse: Erb v. Brown, 69
Pa. 216; McKee v. Perchment, 69 Pa. 342; Weaver v.

Getz, 16 Pa. Superior Ct. 418; Hall v. McVaughey, 51
Pa. 43; Lindeman v. Lindsey, 69 Pa. 100; Bombaugh v.
Miller, 82 Pa. 203; Johns v. Johns, 244 Pa. 48; Long v.
Mast, 11 Pa. 189; Hofherr v. Mede, 226 Ill. 320, 80 N.
E. 893.

The plaintiff acquired no title and is estopped from as-
serting title against defendant: McKee v. Perchment, 69
Pa. 342; Meyer v. Young, 7 W. N. C. 60; Deppen v. Bo-
gar, 7 Pa. Superior Ct. 447; Watson v. Bioren, 1 S. &
R. 227; Stuart v. Line, 11 Pa. Superior Ct. 345; Fergu-
son's App., 117 Pa. 426; Whitman v. Smeltzer, 16 Pa.
Superior Ct. 285; McGuire v. Wilkes-Barre, 36 Pa. Su-
perior Ct. 418; Ermentrout v. Stitzel, 170 Pa. 540.

Defendant owned to middle of roadway: Rhoads v.
Walter, 61 Pa. Superior Ct. 44; Andreas v. Steigerwalt,
29 Pa. Superior Ct. 1; Carter v. Lebzelter, 45 Pa. Su-
perior Ct. 478; Saccone v. West End Trust Co., 224 Pa.
554; Cox v. Freedley, 33 Pa. 127; Paul v. Carver, 12
Harris 207 and 2 Casey 223; Falls v. Reis, 74 Pa. 439;
Firmstone v. Spaeter, 150 Pa. 616.

*Owen J. Roberts,* and with him *Hiram Keller* and
*Samuel J. Henderson,* for appellee.—It is well settled
that a right-of-way created by deed can be extinguished
by adverse possession: Yeakle v. Nace, 2 Wharton, 122;
Whitney v. Welshans, 50 Pa. Superior Ct. 423; Jessop
v. Kittanning Borough, 225 Pa. 589; Greenmount Cem-
etery Company's Apps., 1 Sad. 371; Mood v. Snyder, 30
Pa. C. C. 177; Woodbury v. Allen, 215 Pa. 390.

The case was for the jury: Rung v. Schoneberger, 2
Watts 23; Thompson v. Kauffelt, 110 Pa. 209; Mason v.
Ammon, 117 Pa. 127; Hollinshead v. Nauman, 45 Pa.
140.

The nature of the grant is dependent upon the inten-
tion of the parties: Union Burial Ground Society v. Rob-
inson, 5 Wharton 18; Hobson v. Philadelphia, 150 Pa.
595; Sibley v. Holden, 10 Pick. 249; Smith v. Slocomb,
9 Gray 36; Fitzell v. Phila., 211 Pa. 1.

419, (1919).]          Opinion of the Court.

OPINION BY HENDERSON, J., April 21, 1919:

Prior to the 27th of June, 1868, R. Clay Crawford was the owner of a tract of land containing about seventy acres. On the date named he conveyed 21 acres to Caleb N. Taylor. On April 8, 1868, he conveyed another part of the tract containing 19¾ acres to Taylor. On March 6, 1869, he conveyed 30 acres, including the homestead, to H. C. Fox. The plaintiff's title was derived through the latter conveyance. The defendant became the owner of the 19¾ acres conveyed by Crawford to Taylor April 8, 1868, and also of a portion of the 21 acres conveyed by Crawford to Taylor on June 27, 1868.

The controversy between the parties arose out of the use of a private lane, established before the conveyance by Crawford and used as a means of ingress and egress to and from the mansion house on the 30 acres conveyed to Fox. One of the pieces of land owned by the defendant is on the north side of this lane and the other on the south side. The defendant cut down a portion of the hedge growing on the north and south sides of the lane, and the action was brought to recover damages for this alleged invasion of the plaintiff's right. The lane was enclosed and had been used for many years by the occupants of the dwelling on the 30 acres.

The conveyance from Crawford to Taylor for the land on the north side of the lane contained in part the following relevant description: "to a corner of another private lane or road of the said Crawford leading to the Dunk's Ferry Road; thence along the northerly side of said lane or road......to a corner of an acre lot formerly a part of this tract but now reserved by said Crawford."

The deed to the defendant for the same land contains the following description in part: "to a stone on the northerly side of a 30 foot wide lane belonging to the said Fox estate; thence by the same south 58° 7′ west 1274 feet to a stone for a corner of 'an acre lot' belonging to the said estate of Henry C. Fox."

The deed from Crawford to Taylor, dated June 27, 1868, for the land on the south side of the road contained in part the following description: "North 26° west 69 perches and .8 to a corner stone; thence along the southerly side of a lane or carriage way leading from the Dunk's Ferry Road to the Country Seat of the said General Crawford......to a corner in the line of said Crawford's land."

This conveyance contained a grant of the "right to pass and repass over and upon said lane or carriage way before mentioned."

Two questions are presented in the case: The first, as to the defendant's claim to the use of the lane by reason of what he asserts to be an implied grant arising through the conveyance of the land north of the lane by Crawford to Taylor. No express grant is alleged, but it is contended that the call for the lane as the south boundary of the land carries with it an implied grant to the middle line of the lane or of an easement therein as appurtenant to the property. It is not a way of necessity, for the land has a frontage of 360 feet or more on the Dunk's Ferry Road, and of about 1,600 feet on the State road. Nor is it suggested that there was a prescriptive right by reason of use. The case stands therefore, so far as the defendant's claim relates to this part of his land, on the construction to be given to the conveyance to him. The learned trial judge instructed the jury that the defendant acquired no right to the use of the lane by virtue of the grant to him of the land on the north side of the road, and this instruction is one of the errors assigned.

An examination of the deed to the defendant shows that his east line extended to a stone on the northerly side of the lane, and thence by the same to a corner stone in an acre lot. There was therefore, a description by metes and bounds that established marks on the ground indicating the land to which the conveyance applied. So far as disclosed by the evidence and the condition of the

property at the time of the conveyance, the lane was used solely by the proprietor of the 30-acres estate. At the time of this conveyance it was enclosed on both sides by a hedge, having a height of about six feet. Before the planting of the hedge, a substantial fence had occupied the same place along the lane. No person holding title under the Taylor grant had claimed the use of the lane so far as the evidence shows, prior to the time when the defendant acquired title in 1913. In the conveyance by Crawford to Taylor of the 19¾ acres there is an express grant of the right to use another lane extending from the northeast corner of the lot to the turnpike road; thus showing that the parties to the original grant had the subject of the use of a private way in mind.

Taking into consideration the character of the lane, the manner in which it was enclosed and used, the definiteness of the description by marks on the ground of the southern line of the grant, and the provision for the use of another private way from the lot, we are unable to find in the conveyance any evidence of an intention on the part of the grantor to give to the grantee the use of the lane in question.

The appellant relies on the line of cases of which Paul v. Carver, 26 Pa. 223, is illustrative, relating to streets and alleys in towns and cities, special reliance being placed on Saccone v. Trust Company, 224 Pa. 554, and Oliver v. Ormsby, 224 Pa. 564.

The cases cited decide that where land is bounded by an alley or private way appurtenant thereto, the title passes to the middle thereof in the absence of a contrary intention expressed in the grant. They are not contradictory, however, of the doctrine announced in Fitzell v. Philadelphia, 211 Penna. 1, that where an easement is sought to be implied as attached to the grant of a fee, the same must clearly appear from the intention of the parties as shown by the terms of the grant, the situation of the property, and the res gestæ of the transaction. The case does not disclose any facts from which we

would feel warranted in holding that the lane was intended to be appurtenant to the land lying north of it. It is to be observed, too, that the conveyance to the defendant describes the lane as the property of the Fox estate, an admission wholly inconsistent with the appellant's contention.

It is conceded that there was a grant of the use of the lane in the deed covering the land lying to the south of it. The plaintiff alleged, however, that any right arising under the grant to Taylor by Crawford in the deed of June 27, 1868, had been extinguished by the statute of limitations. Evidence was offered tending to show that there had been an enclosed and exclusive occupancy of the lane for more than twenty-one years prior to the time when the defendant committed the acts complained of. This raised a question of fact, which the court submitted to the jury with proper instructions.

That a right-of-way created by deed may be extinguished by possession held adversely for a period of 21 years, is shown by Yeagle v. Nace, 2 Wharton 122; Woodbury v. Allen, 215 Pa. 390; Jessup v. Kittanning, 225 Pa. 589; Whitney v. Welshans, 50 Pa. Superior Ct. 423.

We regard the evidence as sufficient to require the submission of the question of adverse occupancy to the jury.

It is further contended that the plaintiff is estopped from denying the operation of the grant of the right of way by Crawford to Taylor applicable to the land south of the lane by reason of the fact that it is recognized in the deed of Fox to Mrs. Rommel, through whom the plaintiff acquired title. But we do not find in the conveyance from Fox to Rommel or Rommel to the plaintiff, any recognition of a right in the owner of the land now held by the defendant to use the lane. Our examination of the case convinces us that the court was not in error in the respects complained of.

Judgment affirmed.