## Love v. Chapman et ux.

*Joseph M. McNerney* and *Patrick H. Fierro*, for plaintiff.

*Charles F. Greevy* and *Lester L. Greevy*, for defendants.

WILLIAMS, J., January 6, 1948.—On June 8, 1942, the Treasurer of Lycoming County sold unseated land in Cascade Township, comprising 207¾ acres, to Delance Chapman and Maude Chapman, his wife.

This sale was based on unpaid taxes for the years 1940 and 1941. The taxes had been assessed in the name of "C. T. McClarin Estate".

The sale was duly advertised and the notices of the sale set forth the location of the property, the acreage, and the fact that the property was from the "Alexander Wilcox" warranty.

Winifred Myers Love has filed a bill in equity asking that the tax sale to defendants, Delance Chapman and Maude Chapman, his wife, be declared void.

A preliminary objection by defendants to a bill in equity was discharged by this court for the reason that neither party was in possession of the land.

The reasons given for declaring this tax sale void are that complainant is a record title owner of the premises and that the sale made by the county treasurer was based on an alleged delinquency of taxes which were erroneously assesed to "C. Thomas McClarin Estate". According to plaintiff's bill and her testimony she received no notice of the sale nor did she receive tax notices by the county treasurer nor by any taxing authority for the years 1940 and 1941.

### Discussion

It appears that the property was sold by the county treasurer in 1918 and that the county commissioners purchased the property for 1916 and 1917 taxes. The property had been assessed in the name of J. J. Myers, the father of complainant. In 1928 the land was again assessed in the name of J. J. Myers and in 1930 it was sold by the county treasurer as the property of J. J. Myers to C. T. McClarin. In 1932 it was again sold, this time as the property of C. T. McClarin and was redeemed by the widow of C. T. McClarin.

On October 24, 1940, complainant received a quitclaim deed from the county commissioners for this unseated land, together with a deed from the McClarin interest, so that at that time it appeared that all interest in the land was in complainant.

In 1942 the land was again sold by the county treasurer for unpaid 1940 and 1941 taxes. Defendants purchased at this sale, and the land was not redeemed during the two-year redemption period.

In considering the question before us we must bear in mind that at a treasurer's sale of unseated land for taxes the land itself is responsible for the taxes

regardless of the question of ownership. A tax sale extinguishes all previous titles: Reinboth v. Zerbe Run Improvement Co., 29 Pa. 139, 145.

Whereas a tax title a hundred years ago was prima facie void, it has been said by the Supreme Court that there is nothing to which a presumption of regularity applies with so much force as a tax sale: Glass et al. v. Seger et al., 265 Pa. 391.

This court realizes that a valid assessment is a necessary prerequisite to a tax sale. There must be an assessment, otherwise the sale is void: Nypen Corporation v. Sechrist et al., 138 Pa. Superior Ct. 361.

We feel, however, that a valid assessment was made. A sale of unseated lands for taxes will pass the title, though assessed in a wrong name, or by a wrong number, if otherwise designated so as to be capable of identification: Woodside et al. v. Wilson, 32 Pa. 52.

If the name in which the assessment has been made has been linked to the land by some known claim of title or possession, it is a source of identification which will support an assessment: Glass et al. v. Gilbert, 58 Pa. 266.

Complainant purchased this property from the commissioners and the McClarin interests in October of 1940. The sale was based on the 1940 and 1941 taxes and inasmuch as the assessments are made in advance the assessor was probably correct in having the 1940 taxes assessed in the name of "C. T. McClarin". Even though the title should have been assessed in the name of complainant this court feels that the name "C. T. McClarin" was sufficiently identified with the property for at least 10 years so as to give complainant notice that this assessment was on her property under the cases cited above.

A sale of unseated land for taxes passes the title to the purchaser although the land may not have been taxed and sold in the name of the real owner: Franklin Coal Co. v. Bertels et al., 109 Pa. 550.

If complainant had been anxious and willing to pay her taxes it is difficult to conceive of her becoming so confused as to be unable to ascertain how her land was assessed.

Her argument that she received no tax notices is insufficient. A failure to receive a tax notice by the owner will not invalidate a sale in a case such as this. Taxes which have been assessed, and remain due and unpaid for one whole year, will support a tax sale: Woodside et al. v. Wilson, 32 Pa. 52.

The property was sold under the Act of March 13, 1815, P. L. 177, 72 PS §5981, and such act and its amendments provide only for notices by advertisement.

Plaintiff alleges that she, or her agent, attempted to redeem the property in question within the two-year redemption period. The testimony does not bear out her contention.

The court makes the following

### Findings of Fact

1. That Delance Chapman and Maude Chapman, his wife, purchased at county treasurer's sale a property located in Cascade Township, Lycoming County, Pa., comprising approximately 207¾ acres, said property being unseated land in the warranty name of Alexander Wilcox.

2. That no redemption was made of said unseated land during the two-year redemption period.

3. That no attempt to redeem said unseated land was made within the two-year redemption period.

4. That said tax sale was duly advertised and that notices of the sale set forth the location of the property, the acreage and the fact that the property was from the "Alexander Wilcox Warranty".

The Court makes the following

### Conclusions of Law

1. That said treasurer's sale was based upon a valid assessment.

2. That the land sold was identified to such a degree as would support the assessment.

3. That the sale of said unseated land to Delance Chapman and Maude Chapman, his wife, for taxes, passed title to them.

4. That there was no redemption by complainant.

### Order of Court

And now, January 6, 1948, the court dismisses the bill in equity and directs that the costs be paid by plaintiff.