# Duff, Appellant, *v.* Heppenstall Forge and Knife Company.

*Road Law—Streets—City of Pittsburgh—Dedication to public use—Act of June 16, 1836, P. L. 749—Equity—Jurisdiction.*

1. Under the Act of June 16, 1836, P. L. 749, all streets, lanes and alleys within the city of Pittsburgh, if not less than twenty feet in width, which have been laid out, appropriated and opened by private persons for public use or for the use of owners of lots fronting thereon, are part of the public works of Pittsburgh, and the city has complete jurisdiction over them for all purposes.

2. In an equity proceeding, it appeared that the plaintiff was owner of certain lots abutting on streets originally dedicated to public use by a private owner of the plan of lots, which lots were subsequent to the dedication incorporated in the city of Pittsburgh so that the streets thus dedicated became part of the system of public highways. Portions of these streets after they were taken over by the city were vacated by ordinances duly passed. Plaintiff filed his bill to restrain an adjoining owner from encroaching upon the bed of a street over twenty feet wide, and obstructing passage thereon. Held, that bill was properly dismissed.

Argued Oct. 25, 1911. Appeal, No. 164, Oct. T., 1911, by plaintiff, from decree of C. P., No. 4, Allegheny Co., Third T., 1910, No. 248, in equity, dismissing bill in case of Levi Bird Duff v. Heppenstall Forge and Knife Co. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain encroachment upon street. Before SWEARINGEN, P. J.

The plaintiff alleged in his bill that he is the owner of four lots in the plan of the executors of the will of Anna H. Irwin, deceased, by title derived from said executors; that at the time said plan was recorded, all of the streets and alleys in said plan were opened for use to the lot holders and to the public and the lots were conveyed to purchasers by numbers, bounding them by the streets and alleys of said plan, and since

that time the lot holders and the public have had free and uninterrupted use of said street and alleys of said plan, and hold their lots subject to such use; that the defendant is the owner of lots 33 to 50 inclusive, and also lots 51 to 69 inclusive, in said plan, and holds said lots subject to the free use of said streets; that the defendant has encroached upon Home Street, by extending its buildings five to ten feet on the east side thereof over the building line and threatens to permanently obstruct and close said street from Hatfield to Valley Streets, and it has occupied with buildings a part of Valley Street and threatens to permanently close Valley Street from Holly Alley to 47th Street; and that the obstructions to and closing of said streets will greatly injure the plaintiff's property. The plaintiff prayed that the defendant be required to remove the obstructions from said Home and Valley Streets, and that it be enjoined from further obstructing and closing the same.

It appeared by the defendant's answer and upon the trial that the City of Pittsburgh, by an ordinance enacted June 24th, 1907, had ordained that Home Street from Hatfield Street to Valley Street, in said plan of the executors of Anna H. Irwin, deceased, be vacated.

Also that said city, by another ordinance approved June 16th, 1910, enacted that said Home Street from Hatfield Street to Valley Street be vacated, upon condition, however, that the ordinance should not be effective unless the owners of the abutting property should pay $3,000 into the City Treasury within thirty days after its passage, which sum was paid into the City Treasury of Pittsburgh on July 16, 1910.

Home Street and Valley Street were each fifty feet wide.

*Error assigned* was in dismissing the bill.

*Leonard K. Guiler* and *Levi Bird Duff*, with them

*L. B. D. Reese,* for appellant.—The private easement was not defeated by the public vacation of the street. Morrow v. Traction Co., 219 Pa. 619; Garvey v. Refractories Co., 213 Pa. 177; Jessop v. Kittanning Boro., 225 Pa. 583; People's Nat'l Bank v. Liquid Car Co., 226 Pa. 503; Quicksall v. Phila., 177 Pa. 301; Carroll v. Asbury, 27 Pa. Super. Ct. 354; Black v. Railway Co., 34 Pa. Super. Ct. 416.

*W. S. Dalzell,* for appellee.—The Legislature has power to vacate a public street without consent of those interested, and without providing for compensation. Paul v. Carver, 24 Pa. 207; In re Opening of Pearl Street, 111 Pa. 565; Smith v. Union Switch & Signal Co., 17 Pa. Super Co. 444; McGuire v. Wilkes-Barre, 36 Pa. Superior Ct. 418.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

The learned court below has given this case such full and intelligent consideration that but little need be said in reviewing it. Appellant is the owner of certain lots abutting on streets originally dedicated to public use by a private owner of the plan of lots. Subsequent to the dedication the plan of lots was incorporated in the city of Pittsburgh and the streets thus dedicated became part of the system of public highways. Portions of these streets after they were taken over by the city were vacated by ordinances duly passed. Appellant contends that the vacating ordinances are invalid because the streets in question never were public highways, and the city therefore had no power to vacate them. The learned court below did not agree with this contention and we concur in the conclusion of the lower court upon this branch of the case. But, assuming that the vacating ordinances are valid, appellant further contends that the vacation of portions of the streets as public highways cannot affect his right as an abutting owner of lots on the streets originally dedicated to have the same kept open, for

the use and benefit of the lot owners. It is not necessary in the disposition of this case to discuss what the general rule is or should be in such cases. In the case at bar we have to do only with streets in the city of Pittsburgh and the declared statutory policy of the law relating to the same. The act of June 16, 1836, P. L. 749, provides as follows: "All streets, lanes and alleys within the City of Pittsburgh, if not less than twenty feet in width, which have been laid out, appropriated and opened by private persons for public use or for the use of owners of lots fronting thereon, or which shall be, being of not less than twenty feet in width, hereafter laid out, appropriated and opened as aforesaid, shall for every purpose be deemed, taken and be public highways, as fully as the other public streets within the said city." In passing upon this question the learned court below said: "As before stated, the act of 1836 is explicit that streets, in plans of private persons, which are of a certain width and have been opened, shall be public highways. This is not simply a declaration that such streets should be public highways; the statute goes much further. It enacts that such streets shall be public highways 'as fully as other public streets within the said city,' and, not merely for some purposes, but 'for every purpose.'" What is the meaning of these expressions? They must have been added for some reason. Their use was not necessary to effectuate the purpose of making such streets public highways. That had already been done by appropriate language. To our mind the plain intent of this statute was to abolish all distinctions between streets in Pittsburgh, between those of the city itself and those in private plans, which were above twenty feet in width and were opened to the public use. This was a declaration by the sovereign that thereafter the opened streets of a private plan were to be part of the public works of Pittsburgh, as much so as if the city itself had located and opened them to public use. Such streets were,

therefore, public highways and the City of Pittsburgh had complete jurisdiction over them for all purposes, which the Legislature might commit to it." We think the learned court below properly interpreted the statute and that it was the intention of the legislature in passing the act in question to abolish distinctions as to streets in the City of Pittsburgh. In other words, it was thus declared as a policy of the law, that streets of the designated width, dedicated to public use by a private owner, should be treated upon the same basis as other streets opened, improved and maintained by the city itself. This means that all streets in said city, those dedicated by a private owner as well as those opened by ordinance, are subject to the control and supervision of city councils. They may be widened, improved or vacated in the manner provided by law when the necessities of the city so require. All subsequent purchasers of lots included in the original plan took title with notice of the declared statutory policy of the law relating to the public highways of the city of Pittsburgh after the passage of the act of 1836. The legislature representing the sovereign authority of the State had the power to declare what streets shall be deemed public highways and what control and supervision shall be exercised over them. It exercised the power by passing the act of 1836 and this is binding upon the public, the municipal authorities and the private lot owners. We agree with all the conclusions reached by the learned court below and think the bill was properly dismissed.

Decree affirmed at cost of appellant.