Aldine Realty Co. of Pittsburgh *v.* Manor Real Estate & Trust Co., Appellant.

584

Argued October 3, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Wm. S. Dalzell,* of *Dalzell, Dalzell & McFall,* for appellant.—While it is true as a general proposition that the sale of lots with reference to a plan which contains streets, lanes and alleys gives each lot owner an easement over every street, lane and alley in the plan, it is to be noted that such easement is not a matter of express grant; it is an "implied" grant, read into the law by judicial interpretation; and this court, in its later decisions, and the legislature of Pennsylvania, have shown that such implication must give way to modern requirements: O'Donnell v. Pittsburgh, 234 Pa. 401; Gailey v. Trust Co., 283 Pa. 381.

Mere nonuser of an easement without more will not affect the rights of the easement holders under a deed: Gailey v. Trust Co., 283 Pa. 381; Mitchell v. Bovard, 279 Pa. 50.

In the vacation of streets or highways damages will not be allowed where the effect is to merely cause the owner to travel a short distance farther in order to reach a system of streets: Spang & Co. v. Com., 281 Pa. 414.

*Joseph Stadtfeld*, with him *Harvey M. Aronson*, for appellee.—Plaintiff's easement of access in and to the streets and alleys of said plan is a vested property right acquired by contract: Carroll v. Asbury, 28 Pa. Superior Ct. 354; Chambersburg S. Mfg. Co. v. R. R., 240 Pa. 519; O'Donnell v. Pittsburgh, 234 Pa. 401; Gailey v. Trust Co., 283 Pa. 381; Ulrich v. Grimes, 94 Pa. Superior Ct. 313.

Defendant's claim of ownership to the streets is subject to plaintiff's easement of right of passage over and along said streets: Library v. Trust Co., 235 Pa. 5, 15; Gailey v. Trust Co., 283 Pa. 381; Stuart v. Gimbel Bros., 285 Pa. 102.

Complainant's right of easement has not been extinguished by the Act of 1836: O'Donnell v. Pittsburgh, 234 Pa. 401; O'Donnell v. Porter Co., 238 Pa. 495.

The ordinance of the City of Pittsburgh did not extinguish complainant's right to "easement of access": Chambersburg S. Mfg. Co. v. R. R., 240 Pa. 519.

Nonuser does not affect the easement rights of complainant and no estoppel arises: B. & O. R. R. v. Mfg. Co., 279 Pa. 219; Pittsburgh v. Bell & Sons Co., 277 Pa. 135.

When both parties are aware of their rights, estoppel cannot arise: Garvey v. Refractories Co., 213 Pa. 177; Lenhart v. Wright, 286 Pa. 351.

The only manner in which the easement rights of complainant may be extinguished is by the exercise of the right of eminent domain and the payment for the dam-

ages sustained: O'Donnell v. Pittsburgh, 234 Pa. 401; Gailey v. Trust Co., 283 Pa. 381; Chambersburg Shoe Mfg. Co. v. R. R. Co., 240 Pa. 519; Garvey v. Refractories Co., 213 Pa. 177.

OPINION BY MR. JUSTICE SIMPSON, November 25, 1929:

Defendant appeals from a final decree of the court below, requiring it to remove certain obstructions from the beds of Eighth Street and of Ogle Way, formerly Plum Alley, in the City of Pittsburgh, and enjoining it from thereafter obstructing either of them. The decree must be reversed.

In 1794, the properties now owned by plaintiff and defendant, were sold and conveyed by the then owners of both of them, to the common predecessor in title of these litigants, according to a plan which shows both of said streets, each over twenty feet wide, as thoroughfares intended for the use of the owners of lots in said plan.

By section 9 of the Act of June 16, 1836, P. L. 749, 753, it is provided that "All streets, lanes and alleys within the City of Pittsburgh, if not less than twenty feet in width, which have been laid out, appropriated and opened by private persons, for public use, or for the use of the owners of lots fronting thereon, or which shall be, being of not less than twenty feet in width, hereafter laid out, appropriated, and opened, as aforesaid, *shall for every purpose, be deemed, taken, and be public highways, as fully as the other public streets* within the said city."

It will be noticed that this statute applies to highways "which have been laid out, appropriated and opened," as well as to those which shall "hereafter [be] laid out, appropriated and opened." In Duff v. Heppenstall Forge and Knife Co., 234 Pa. 275, we held that, under the broad language of the act, the City of Pittsburgh had the right to vacate any street of the required width—as the two under consideration were—which had been thus opened by private persons, and that those

who had purchased lots according to the plan thereby lost all rights to the use of the street. True, in that case the lots had been sold subsequent to the passage of the statute, and this matter is referred to in the opinion, but it is not the basis of the decision, and the act itself makes no distinction between the two classes of cases. There would seem to be no vital difference between them; for if, as has been many times decided, the purchaser of lots according to a plan acquires a contractual right to the use of all the streets on the plan, that contractual right would appear to be entitled to protection no matter when the purchase was made. It is not necessary, however, to discuss the point in the instant case.

By an ordinance of the city, approved September 8, 1852, both Eighth Street and Plum Alley were vacated and the beds thereof were surrendered to the Pennsylvania Railroad Company, defendant's immediate predecessor in title. The vacating ordinance enjoined certain conditions upon the company, but these conditions were not imposed for the special benefit of plaintiff or any of its predecessors in title, and hence it has no standing to complain of a failure to comply therewith. The court below found, without objection from plaintiff, that "Eighth Street has been continuously closed since the passage of that ordinance (September 8, 1852), and the one hundred feet of Plum Alley, complained of in this bill, has never been opened or used since the passage of the ordinance of the City of Pittsburgh on March 29, 1886. ...... Under the admitted facts of this case, the Pennsylvania Railroad Company, which is the real defendant in the case, has had possession of the land formerly within the boundary lines of the streets in dispute, for over forty years, covered by their railroad tracks and warehouses." It also found that neither the public generally nor any lot owner in the plan had made any use of either street during that period of time, and might have added that, so far as the record disclosed, no claim of a right to such use was made by plaintiff, or its pred-

ecessors in title, until about the time the present bill was filed on April 8, 1927. Under such circumstances the easement, which was at one time appurtenant to plaintiff's property, has been wholly lost by lapse of time.

In Mitchell v. Bovard, 279 Pa. 50, in a carefully considered opinion by Mr. Justice SADLER, wherein practically all our prior decisions on the point were thoughtfully reviewed, it is said at pages 53-4: "It is well established that a mere nonuser does not constitute a release of the servient tenement from a legally imposed obligation: Lindeman v. Lindsey, 69 Pa. 93; McKee v. Perchment, 69 Pa. 342; Richmond v. Bennett, 205 Pa. 470. If, however, the actual control is notoriously adverse, and continues for a sufficient period of time, the easement created may be extinguished. In a case such as this,—where the rights of the parties to make use of the way exist whenever necessity may arise, though long after the conveyance,—there must be shown, by word or act, an express repudiation of the interests acquired by others, and an intention to set up a hostile claim. .......
Though, as stated, there must be some disclaimer of the rights of others before such action can be considered adverse (Bombaugh v. Miller, 82 Pa. 203; Johns v. Johns, 244 Pa. 48; Nickels v. Cornet Band, 52 Pa. Superior Ct. 145), yet this requirement may be satisfied where acts inconsistent with the right of possession by others are evidenced, as by the inclosure of land, and devoting it to purposes not originally contemplated: Hutchinson v. Oil Co., 275 Pa. 380; Whitney v. Welshans, 50 Pa. Superior Ct. 422; Logan v. Smith, 71 Pa. Superior Ct. 419, ...... 'When one uses an easement whenever he sees fit without asking leave or without objection, the use is adverse; and an adverse enjoyment for twenty-one years gives an indisputable title to the enjoyment': Messinger's App., 109 Pa. 285, 290. So, one who obstructs a way, if such action is continued for a sufficient time, will defeat the right of the dominant

owner: Yeakle v. Nace, 2 Wharton 123; Jessop v. Kittanning Boro., 225 Pa. 589; Woodbury v. Allan, 215 Pa. 390; Zerbey v. Allan, 215 Pa. 383. The court [below] has concluded here that the use of the proposed street by defendants for thirty years was inconsistent with ownership by any one else, and the finding of fact made must be sustained if supported by competent evidence, and this appears."

That opinion must approve itself to every thoughtful and unbiased mind. It has never been doubted by us, and is conclusive of the controversy in the instant case. It is not possible to conceive of acts more clearly "inconsistent with the right" of plaintiff and its predecessors in title, to still have an easement over these properties, than "the admitted fact [that] the Pennsylvania Railroad Company, which is the real defendant in the case, has had possession of the land, formerly within the boundary lines of the streets in dispute, for over forty years, covered by their railroad tracks and warehouses." In the case cited, thirty years adverse use was deemed sufficient to destroy the easement; here there has been forty years as to one street and nearly seventy-five years as to the other. Indeed, twenty-one years would have been ample under the Act of March 26, 1785, 2 Sm. Laws 299, the exceptions therein in favor of those "within the age of twenty-one years, feme covert, non compos mentis, imprisoned, or beyond the seas, or from and without the United States of America" not applying here, and by section 15 of the Act of April 14, 1851, P. L. 612, 615, the existing forty years would have been ample even if the exceptions had existed. Moreover, as pointed out in Gailey v. Wilkinsburg Real Estate Trust Co., 283 Pa. 381, where, as here, expenses have been incurred, because of a failure to object, a plaintiff, knowing of the facts, as this one must have, may be estopped from claiming the existence of an easement, even where less than twenty-one years has elapsed.

Evidently feeling the stress of the argument on this point, plaintiff contends that the use by defendant's predecessor in title was permissive only and asks us to so find, and hence to exclude the defense we are considering, though pointing to neither fact nor circumstance to justify the conclusion. This, of course, we cannot do. Aside from the presumption which we have already considered, it may be said that a use will be held to be permissive in case there was an express or implied permission to use, but not otherwise. "The term 'permissive use' which is used interchangeably with the word 'license' meaning the use of a way with the consent of the landowner, which is terminable at the will of the landowner, or on completion of the specific act or acts contemplated in the permission": Novinger v. Shoop (Mo.), 201 S. W. Rep. 64. To the same effect are Alper v. Tormey, 7 Cal. App. 8, and our own case of Conn et al. v. P. R. R., 288 Pa. 494, 502. Here there is no pretense of anything equivalent to a license.

If plaintiff ever had any right to object to the use of the streets by defendant and its predecessor in title, that right, especially so far as concerns the relief herein sought in a court of equity, must be held to have been long since lost by lapse of time. We said as early as Foulk v. Brown, 2 Watts 209, 215 (1834) quoted with approval in Biddle v. Girard Nat. Bank, 109 Pa. 349, 356 (1885), and cited and followed as late as Sheafer v. Woodside, 257 Pa. 276, 280 (1917), that "The rule of presumption, when traced to its foundation, is a rule of convenience and policy, the result of a necessary regard to the peace and security of society. No person ought to be permitted to lie by, whilst transactions can be fairly investigated and justly determined, until time has involved them in uncertainty and obscurity, and then ask for an inquiry. Justice cannot be satisfactorily done when parties and witnesses are dead, vouchers lost or thrown away, and a new generation has appeared on the stage of life, unacquainted with the affairs of a past

age, and often regardless of them. Papers which our predecessors have carefully preserved are often thrown aside or scattered as useless by their successors." The chancellor and the court in banc should have unhesitatingly applied that principle to the instant case, for "nothing can call a court of equity into activity, but conscience, good faith and reasonable diligence": Kinter v. Commonwealth Trust Co., 274 Pa. 436.

The decree of the court below is reversed and plaintiff's bill in equity is dismissed at its costs.