## Bova v. Gambino.

*James R. Wilson* and *Francis S. Goglia,* for plaintiff.

*Evans, Bayard & Frick,* for defendant.

LAMBERTON, J., May 20, 1931.—This is an application for a preliminary injunction. Evidence was offered on behalf of the defendant and on behalf of the plaintiff, briefs were filed by both parties, and the premises in question were viewed by the court. We are of the opinion that a preliminary injunction should be granted.

Plaintiff is the owner of a certain piece of property located in the City of Philadelphia, on the south side of Carpenter Street, between Eighth and Ninth Streets, containing in front or breadth on said Carpenter Street sixteen feet and extending southwardly of that width 103 feet. This property is commonly known as No. 820 Carpenter Street. Defendant is the owner of the property immediately to the east of that owned by plaintiff and of identical size. Defendant's property is commonly known as No. 818 Carpenter Street. It is admitted that these properties are correctly described in the bill in equity, and that description need not be repeated here.

Up to a short time ago, there were brick buildings on both No. 818 and No. 820 Carpenter Street. On the first floor each of these buildings was of a width of fourteen feet nine inches, leaving between the two an open space thirty inches wide, approximately half on each property. Above the first floor, the two buildings were of the full width of the lots, to wit, sixteen feet, so that the open space was entirely covered at a height of perhaps ten feet above the ground. This open space was paved with brick and extended a depth of some fifteen feet nine inches, at which point the two buildings narrowed down, and there were two gates, one leading into premises No. 818 and one leading into premises No. 820. There was no gate at the Carpenter Street end of the open space.

The evidence shows that premises No. 820 were acquired by plaintiff, Anna Bova, and her husband, Pasquale Bova, on March 7, 1885, as tenants by entireties. Pasquale Bova died August 5, 1912, so that plaintiff is now the sole owner of said property.

On March 6, 1885, premises No. 818 Carpenter Street were conveyed to Donato Montagna and wife, who retained title until March 26, 1910, when they conveyed to Theresa Montagna. Theresa Montagna retained title until February 17, 1930, when the property was sold by the sheriff, and, after several intermediate conveyances, on March 17, 1930, title was acquired by defendant, Lucia Gambino.

Defendant has recently torn down the building on her property, No. 818 Carpenter Street, and has erected a party-wall in the middle of the alleyway between the two properties. This construction totally obstructs the alley.

All of the deeds for said two properties, Nos. 818 and 820 Carpenter Street, describe the same as of the full width of sixteen feet, and make no mention of the open space or alleyway existing between the two. Plaintiff has filed a bill in equity, asking that defendant be enjoined from obstructing said alleyway. The question, therefore, is whether the owner of No. 820 Carpenter Street has acquired a right of way by prescription over the bed of said alley.

Plaintiff's evidence goes back as far as 1877, and shows that the alleyway was in the same condition at that time as it was at the time when defendant tore down her building some two months ago. The evidence further shows that the alleyway in 1877 was freely used by the owners of both No. 818 and No. 820 Carpenter Street, and there is abundant evidence showing its continued use by the occupants of both properties until about four years ago, at which time premises No. 820 became vacant and have since so remained. During the last four years the alley has been used solely by the occupants of No. 818.

Defendant offered evidence, though not covering as great a space of time as that offered by plaintiff, showing the only use of the alley was by occupants of No. 818; that No. 820 was used as a junk shop and not as a dwelling; and that the occupants of No. 820 did not use the alley at all. The weight of the evidence on this point, however, is decidedly with the plaintiff, and the court is convinced that the occupants of premises No. 820 Carpenter Street freely used said alley from the year 1877 down to some four or five years ago.

The law is that in order to sustain a right of way by prescription over the lands of another, that right must not only have been enjoyed without interruption for twenty-one years, but the enjoyment must have been adverse to the rights of the owner: Okeson v. Patterson, 29 Pa. 22 (1857); Messinger's Appeal, 109 Pa. 285 (1885); Bennett v. Biddle, 140 Pa. 396 (1891); Mitchell v. Bovard et al., 279 Pa. 50 (1924); Aldine Realty Co. of Pittsburgh v. Manor Real Estate and Trust Co., 297 Pa. 583 (1929). A mere license or permissive use will not ripen into an easement by passage of time: Hudson v. Watson, 11 Pa. Superior Ct. 266 (1899). The law likewise is that when one uses an easement whenever one sees fit, without asking leave and without objection, the use is presumed to be adverse and the burden of proving that it is merely permissive is upon the owner of the land: Messinger's Appeal, supra; Bennett v. Biddle, supra; Mitchell v. Bovard et al., supra; Aldine Realty Co. of Pittsburgh v. Manor Real Estate and Trust Co., supra.

In the present case, we find that the occupants and owners of premises No. 820 freely used said alley whenever they saw fit, without asking leave and without objection for a period of almost fifty years. There is no evidence that this use was merely permissive, and it will, therefore, be presumed to be adverse. Consequently, such use has ripened into a right of way appurtenant to premises No. 820. The fact that the occupants of No. 818 likewise

used said alley has no bearing on the question at issue. Each acquired a right of way by prescription over that portion of the bed of the alley which belonged to the other.

The fact that the use of the alley by the owners and occupiers of premises No. 820 Carpenter Street was less frequent during the later years and ceased entirely during the last four years is likewise unimportant. A mere nonuser does not constitute a release of the servient tenement from a legally imposed obligation: Aldine Realty Co. of Pittsburgh *v.* Manor Real Estate and Trust Co., *supra.* In order to wipe out such a servitude, there must be not merely a nonuser, but an adverse control over a long period of time. There is no evidence of an adverse control in this case, and four years, in any event, would be too short a period to extinguish the easement.

Preliminary objections were filed to the plaintiff's bill on or about April 24th, and it was agreed that these preliminary objections should be disposed of in this proceeding. We have examined these objections and find them to be without merit. They should, therefore, be dismissed.

And now, to wit, May 20, 1931, it is ordered and decreed that a preliminary injunction issue. Counsel will prepare a suitable decree. Likewise, May 20, 1931, the preliminary objections to plaintiff's bill in equity are dismissed and leave is given to defendant to file an answer within fifteen days.