422 A.2d 180

Vincent LISOWSKI, Appellant,

v.

Carlo MASTROMARCO, Luigi Mastromarco, Francis
Mastromarco, t/a Mastromarco Brothers

v.

Alice KOTLAREK.

Superior Court of Pennsylvania.

Submitted March 18, 1980.

Filed Oct. 24, 1980.

304

Morton B. Wapner, Philadelphia, for appellant.

William T. Coleman, III, Philadelphia, for Mastromarco Brothers, appellees.

Stanley F. Mankas, Philadelphia, for Kotlarek, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

HESTER, Judge:

The only issue raised by this appeal is the necessary length of time one must possess property in the City and County of Philadelphia in order to perfect a claim by adverse possession. Following our study of antiquated statutes of this Commonwealth over 120 years old, we are persuaded, as was the court below, that the required time period is 40 years.

The facts are not in dispute. On April 14, 1978, appellant Vincent Lisowski instituted this action to quiet title against appellees Carlo, Luigi, and Francis Mastromarco in the Court of Common Pleas of Philadelphia County. Appellant alleged that the Mastromarco brothers were the record owners of a plot of land in Philadelphia, but that appellant had acquired title thereto by adverse possession in that he had been in actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the premises for a period in excess of twenty–one years. The Mastromarco brothers filed an answer and counterclaim and brought a third party action against appellee Alice Kotlarek, Mastromarcos' predecessor in title. Appellees then moved for summary judgment contending that in the City of Philadelphia, forty years is required to ripen rights of adverse possession. Conversely, appellant Lisowski claimed that twenty–one years was sufficient under the applicable statutes. From the pleadings and deposition, it was undisputed, and has been stipulated on appeal, that appellant was in possession of the premises in

question for a period no longer than thirty–two years. There being no genuine issue of material fact, the court granted appellees' motion for summary judgment, finding that the applicable period is forty years. This appeal ensued.

The foundation for title by adverse possession in this Commonwealth is Act of March 26, 1785, 2 Sm.L. 299, § 2 (12 P.S. § 72) which provides:

§ 72. No entry or right of action allowed after twenty–one years.

From henceforth no person or persons whatsoever shall make entry into any manors, lands, tenements or hereditaments, after the expiration of twenty–one years next after his, her of their right or title to the same first descended or accrued; nor shall any person or persons whatsoever have or maintain any writ of right, or any other real or possessory writ or action, for any manor, lands, tenements or hereditaments, of the seisin or possession of him, her or themselves, his, her or their ancestors or predecessors, nor declare or allege any other seisin or possession of him, her or themselves, his, her or their ancestors or predecessors, than within twenty–one years next before such writ, action or suit, so hereafter to be sued, commenced or brought.

### Historical Note

Section 3 of this act was a saving clause and read as follows: "Any person or persons now having right, title of entry as aforesaid, and the heir or heirs of such person or persons, may, within fifteen years from this time, enter or commence any action or suit, as he, she or they, or his, her or their ancestors or predecessors might have done, before the passing of this act."

Thus, it has long been the law in Pennsylvania that to acquire title by adverse possession, the possession must be hostile, adverse, open, visible, notorious, and continuous for a period of twenty–one years. *Conneaut Lake Park, Inc. v. Klingensmith*, 362 Pa. 592, 66 A.2d 828 (1949); *Burns v.*

*Mitchell*, 252 Pa.Super. 257, 381 A.2d 487 (1977). The legislature created an exception to this rule for persons suffering from certain enumerated disabilities,[1] extending their right of re—entry for an additional ten years beyond the removal of their disability. Act of March 26, 1785, 2 Sm.L. 299, § 4 (12 P.S. § 73), and Act of March 11, 1815, P.L. 125, 6 Sm.L. 277, § 1 (12 P.S. § 74).[2]

The state of statutory law on adverse possession remained fixed until 1851, when the legislature enacted Act of April 14, 1851. P.L. 612, § 15 (12 P.S. § 77), which provides:

From henceforth, no person or persons whatsoever shall make entry into any manors, lands, tenements, or hereditaments, after the expiration of forty years next after his, her or their right or title to the same first descended or accrued, nor shall any person or persons whatsoever have or maintain any writ of right or any other real or personal writ or action for any manors, lands, tenements, or hereditaments, of the seizure or possession of him, her or themselves, his, her, or their ancestors or predecessors, than within forty years next before such writ, action or suit so hereafter to be sued, commenced, or brought: Provided, That any person, never having right or title of entry as aforesaid, and who is now by law excepted from the general provisions of the act of March 26, 1785 [i. e., 12 P.S. §§ 72, 73] for the limitation of actions, and the heir or heirs of such person, may, within five years from this time, enter or commence any action or suit, as he, she or they, or his, her or their ancestors or predecessors might have done before the passage of this act.

Thus, the required time period was extended from twenty—one to forty years, with a five year grace period for those suffering under the disabilities of 12 P.S. § 73. The follow-

1. These disabilities included, inter alia, persons under twenty–one years of age, married women, the insane, and the imprisoned. 12 P.S. § 73.

2. Act of April 22, 1856, P.L. 532, § 1 (12 P.S. § 82) modified this exception and provided that even persons under a disability are barred from maintaining an action after the lapse of 30 years. See, *Hunt v. Wall*, 75 Pa. 413 (1874).

ing year, however, the legislature restricted the application of § 77 only to the City and County of Philadelphia, Act of May 4, 1852, P.L. 569, § 7 (12 P.S. § 78):

> The fifteenth section of an act entitled "An act relative to the commencement of actions, and for other purposes," approved the 14th day of April, 1851 [i. e., 12 P.S. § 77] is hereby construed to extend to and apply only to writs of right and other writs pertaining to manorial lands in the city and county of Philadelphia.[3]

Appellant has contended, both below and on appeal, that Section 77 only applies to those Philadelphia landowners who suffer under the enumerated disabilities of 12 P.S. § 73, and that its forty year required holding period cannot be construed to extend to *all* landowners in Philadelphia. Although the venerable language of our nineteenth century legislators has shrouded the statute's precise meaning in some ambiguity, we are nonetheless persuaded that appellant's position cannot be sustained.

There are no appellate decisions of this Commonwealth wherein the Court has been called upon directly to pass upon the Acts of 1851 and 1852, 12 P.S. §§ 77, 78. A few textbook authorities are in accord, however, that Section 77's forty year limitation is a bar to *all* landowners in Philadelphia, and not just those under a disability. In Ladner's comprehensive Conveyancing in Pennsylvania, (3d ed. 1961), the author, in discussing statutes of limitation and adverse possession states: "[A] special Act, applicable only to Philadelphia, *barred everyone, whether under a disability or not,* after forty years after accrual of the cause of action." Citing Act of 1851. § 3:03, pp. 36–7 (emphasis added). Similarly, an older work, Fallon, Law of Conveyancing in Pennsylvania, (1902) § 15, states: "The Act of April 14, 1851 [12 P.S. § 77] . . . declared that forty years undisturbed

---

**3.** The final chapter in the story was written by the Judicial Code, which repealed all of the foregoing statutes and imposed a uniform twenty–one year period for adverse possession. 42 Pa.C.S.A. § 5530; eff. June 27, 1978. Since the instant proceedings were begun prior to the Judicial Code's effective date, the Acts of 1851 and 1852 are the pertinent statutes to be construed.

possession should bar the world, but was restricted to the City and County of Philadelphia by Act of May 4, 1852 [12 P.S. § 78]." The author makes no mention or hint that § 77 was restricted to those encumbered by a disability. 2 Standard Pa. Practice, Limitation of Actions, § 187, p. 241, in its discussion of the requisite time period for adverse possession, relates the general twenty–one year limit of § 72, and then states: "By special acts, the limitation period is made forty years in the city and county of Philadelphia," citing § 77 and § 78.

■ Moreover, to the extent that § 72 and § 77 relate to the requisite time period for adverse possession, they may be read in *pari materia.* 1 Pa.C.S.A. § 1932; *Girard School District v. Pittenger,* 481 Pa. 91, 392 A.2d 261 (1978). Section 72, all parties concede, states the general rule that one must possess land for at least twenty–one years before title will accrue to him by adverse possession. Section 77, up to its proviso, restates § 72 verbatim, except for the forty year requirement. The proviso of § 77, establishing a grace period for those under a disability, does no more than recodify the historical note under § 72, which likewise provided a 15 year grace period for those who may have suffered prejudice from the twenty–one year limitation. Despite the fact that the two statutes contain similar, and in large part identical, words and phrases, appellant would have us construe them differently from one another. Section 72, appellant concedes, does not just apply to the landowners who would be covered under the savings clause in the historical note; rather, its coverage extends to *all* who own property with the Commonwealth. Similarly, Section 77, we may reason, does not merely apply to those with disabilities who are given added time in the proviso; rather, the statute must be construed to apply to *all* landowners within Philadelphia. To adopt appellant's somewhat tortured and restricted construction of Section 77 would be to attach a meaning to its language which is very much at odds with the acknowledged meaning of identical language in

section 72.[4] This we decline to do. At least one lower court agrees with this conclusion. In *Tioga Coal Co. v. Supermarkets General*, 3 PCR 53 (1979), the court (Doty, J.) noted the dearth of authority construing § 77, and held that the statute of limitations for adverse possession in Philadelphia is forty years, and not the general twenty–one year period of § 72.[5]

Appellant relies on several cases arising out of Philadelphia which applied the twenty–one year holding period for adverse possession. *Robin v. Brown*, 308 Pa. 123, 162 A. 161 (1932); *Appeal of Barclay*, 93 Pa. 50 (1880); *Adshead v. Sprung*, 248 Pa.Super. 253, 375 A.2d 83 (1977). However, in none of these cases was the applicability of Sections 77 and 78 ever argued or presented or even mentioned. Indeed, it seems the parties were unaware of the sections and failed to raise them as a defense. Similarly, *Aldine Realty Co. of Pittsburgh v. Manor Real Estate & Trust Co.*, 297 Pa. 583, 148 A. 56 (1929), concerned a claim of title by adverse possession in Pittsburgh. The claimant had been in possession for over forty years and the court noted, in passing dicta, that even if the forty year limitation of § 77 were applicable, instead of the less demanding twenty–one year rule of § 72 (which *was* applicable), the claimant would still have acquired valid title. Finally, in *Philadelphia Electric Co. v. Philadelphia*, 303 Pa. 422, 154 A. 492 (1931), the appellant electric company attempted to establish title to property in Philadelphia by virtue of a conveyance from a grantor who lacked title. While noting that this conveyance gave the company merely color of title, the court stated that real title could only be acquired through possession of the property for a period of time necessary to establish title by

4. When the words of a statute (§ 77) are not explicit, the intent of the legislature may be ascertained by considering the former law, including other statutes upon the same or similar subjects, (§ 72). Statutory Construction Act, 1 Pa.C.S.A. § 1921(c)(5).

5. Judge Doty suggested that a possible rationale for the special treatment accorded lands within Philadelphia is that the legislature was trying to protect absentee owners who had migrated to the suburbs of Philadelphia en masse in the 1840's and 1850's. 3 P.C.R. at 64.

adverse possession. In this context, the court had occasion to cite § 77, noting that, while the deeds in question were over 40 years old, nonetheless § 77 would be of no aid to the company since it still must establish possession, and not merely colorable title. The case thus turned upon whether the company had proven possession of the property in dispute and the Supreme Court upheld the jury's apparent finding that possession was not proven. The Court's further references to a twenty–one year requisite for adverse possession was thus, again, not necessary to the decision, as the issue was not the time element, but the element of possession.

 Finding no appellate decisions directly on point, we are persuaded, by the textbook authorities and a straightforward construction of the Acts of 1785, 1851, and 1852, that the forty year period of § 77 is the required time of possession before one may acquire title by adverse possession in Philadelphia. Since appellant concededly had possession for no more than 32 years, the court was correct in granting appellees' motion for summary judgment.

Order affirmed.