448 A.2d 1093

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William W. CLYDE.**

Superior Court of Pennsylvania.

Submitted May 22, 1981.

Filed July 30, 1982.

F. Cortez Bell, Assistant District Attorney, Clearfield, for Commonwealth, appellant.

Richard Milgrub, Clearfield, for appellee.

Before HESTER, POPOVICH and MONTGOMERY, JJ.

HESTER, Judge:

Appellee William W. Clyde was charged with the summary offense of operating an overweight vehicle in violation of the Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81, as amended, 75 Pa.C.S.A. Section 4941, 4942. On October 16, 1979, appellee was found guilty by a District Magistrate and fined $1,890.00, pursuant to 75 Pa.C.S.A. Section 4945.

Appellee appealed to the Court of Common Pleas of Clearfield County. Following a *de novo* hearing before the Honorable John K. Reilly, Jr., on August 20, 1980, Judge Reilly entered an Order on September 23, 1980 sustaining the appeal and dismissing the charges. The district attorney of Clearfield County has filed this appeal. The Commonwealth of Pennsylvania, Department of Transportation, has also filed an amicus brief in support of appellant's position.

The underlying facts are not in dispute. Appellee readily acknowledges that his vehicle was in excess of the weight limitations specified by the Vehicle Code. Appellee, as an employee of Sandy Township, was transporting limestone to a highway construction site within Sandy Township at the time. Although appellee was operating the vehicle approximately 7 to 8 miles from the construction site, he never traveled outside of the Township and was retrieving necessary road building materials from their nearest possible site.

The lower court dismissed the charges on the basis of 75 Pa.C.S.A. Section 4963, which states:

"**Exemptions for Vehicles Used in State Highway Construction**

No special permit shall be required for movement across, upon or along State or State-aid highways for oversized or overweight vehicles of a contractor used for the construction or improvement of such highways." We affirm.

Chapter 49 of the Vehicle Code regulates the size, weight, and road restrictions concerning vehicles operating on highways within the Commonwealth. Subchapter C of Chapter 49, 75 Pa.C.S.A. Section 4941 et seq., specifies the applicable weight restrictions. Subchapter D, 75 Pa.C.S.A. Section 4961 et seq., allows special permits for excessive size and weight.

Neither the Department of Transportation nor appellant, question whether appellee is "a contractor" within the meaning of 75 Pa.C.S.A. Section 4963. Nor do they contest the fact that appellee was moving upon a state highway for the purpose of the construction or improvement of such highway. Appellant and the Department of Transportation contend that 75 Pa.C.S.A. Section 4963 must be read in connection with 75 Pa.C.S.A. Section 4961, which authorizes the issuance of special permits to overweight vehicles only in four circumstances, including "a combination carrying a nondivisible load . . ." 75 Pa.C.S.A. Section 4961(a)(2). Appellant contends, that since appellee's load was divisible, he would not have been entitled to a special permit. Therefore, the exemption from the special-permit requirement, specified by 75 Pa.C.S.A. Section 4963 does not apply. We conclude that this reasoning strains the clear intent of the General Assembly. See 1 Pa.C.S.A. Section 1921.

We have previously stated that the intent of the General Assembly in enacting Chapter 49 of the Vehicle Code was ". . . to preserve the safety of the traveling public and to maintain the roads of the Commonwealth in a suitable condition." *Commonwealth v. Mercer*, 294 Pa.Super. 544, 440 A.2d 599, 601 (1982). Although the movement of an overweight vehicle upon a state highway for the construc-

tion or improvement of such highway may not be consistent with the protection and safety of the traveling public, it appears that the General Assembly has found it necessary to totally exempt such a vehicle from the size and weight restriction. Otherwise, the General Assembly would have specified particular situations in which a road construction vehicle is exempt. The General Assembly has also authorized other special permits for construction equipment. See the Act of October 10, 1980, P.L. 791, No. 147, Section 7, 75 Pa.C.S.A. Section 4970(b), which generally authorizes the issuance of an annual permit for an overweight construction truck.

▇▇▇ Therefore, under the circumstances of this case, where appellee was operating his vehicle within Sandy Township and within relatively close proximity to the construction site, appellee's vehicle was exempt from the weight restrictions specified by the Vehicle Code.[1]

Order Affirmed.

MONTGOMERY, J., files a concurring opinion.

POPOVICH, J., files a dissenting opinion.

1. We are cognizant of the threshold issue involved in this matter, whether the Commonwealth has a right to appeal. The lower court's order sustained the appeal from the District Magistrate and dismissed the charges. As stated in *Commonwealth v. Arnold*, 215 Pa.Super. 444, 258 A.2d 885, 886 (1969):

If the order of the lower court be considered an acquittal, then the Commonwealth has no right to appeal, *Commonwealth v. Hollinger*, 170 Pa.Super. 180, 84 A.2d 794 (1951); *Commonwealth v. Lodge No. 148, L.O.O.M.*, 188 Pa.Super. 531, 149 A.2d 565 (1959). Where, however, the question involved is purely one of law the Commonwealth may appeal from an adverse ruling in a criminal case. *Gaskins Case*, 430 Pa. 298, 305, 244 A.2d 662, 666 (1968). For example, the Commonwealth may appeal where an indictment has been quashed, or judgment arrested after verdict of guilty, or from an order quashing the information. [footnotes omitted].

Since the facts in the instant appeal were not in dispute, we consider the question to be purely one of law, decided solely on the basis of our interpretation of 75 Pa.C.S.A. § 4963. Therefore, the Commonwealth's appeal was proper.

MONTGOMERY, Judge, concurring:

I concur with and join the majority, but write separately in order to address the propriety of reaching the merits of the issue before us. This question is raised by the dissent.

In *Commonwealth v. Johnson,* 270 Pa.Super. 58, 410 A.2d 895 (1979), our court determined that the Commonwealth could not appeal an order sustaining defendant's appeal from a summary conviction. *Johnson* is distinguishable from the case at hand, however, as the lower court in *Johnson* entered a judgment of not guilty when the appeal was sustained. My review of the record before us evinces no entry of such a judgment. Instead, the record reveals that the court below dismissed the charges while sustaining the appeal. I do not find such action to be synonymous with acquittal.

Charges may be dismissed absent a finding of no guilt. The lower court's disposition of the matter resulted from its finding that the facts of the case as applied to an exemption section of the Motor Vehicle Code [1] rendered appellee exempt from prosecution. An obvious difference exists between a finding of innocence and one of exemption from prosecution. A finding of no guilt results from the valid prosecution for some offense; whereas, an exemption from prosecution gives rise to the premise that no valid prosecution could, or should, have occurred.

In light of the foregoing analysis, taken in conjunction with the fact that the issue before us is a pure question of law,[2] the majority properly reached the merits of the instant matter.

POPOVICH, Judge, dissenting:

I dissent from the Majority's Opinion reaching the merits of the instant appeal, inasmuch as the Order appealed from

1. 75 Pa.C.S.A. § 4963.

2. The Commonwealth has the right to appeal pure questions of law. See, *Commonwealth v. Davis,* 247 Pa.Super. 450, 372 A.2d 912 (1977).

is not "final". Thus, this Court is without jurisdiction to review the issue proffered.

To explicate, the case at bar is an appeal by the Commonwealth from an Order of the Court of Common Pleas of Clearfield County, Criminal Division, "dismiss[ing]" a summary conviction entered against the appellee, William W. Clyde, by a District Magistrate for operating an overweight vehicle, which was allegedly in violation of 75 Pa.C.S.A. §§ 4941 & 4942.

After conducting a hearing *de novo*, the lower court issued the following Order:

"NOW, this 23rd day of September, 1980, following hearing into the above-captioned Appeal from Summary Conviction, it is the ORDER of this Court that said Appeal be and is hereby *sustained* and the charges *dismissed.*" (Emphasis added)

Most recently, a panel of this Court was confronted with a precisely similar situation, and, in an Opinion authored by President Judge CERCONE, clearly stated:

"This Court has held repeatedly that in an appeal from a summary judgment to the court of common pleas, the judgment of common pleas court should be either 'guilty' or 'not guilty.' As we wrote in *Commonwealth v. Carter*, 230 Pa.Superior Ct. 401, 403, 326 A.2d 530, 531 (1974):

A judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal, is not sufficient and will be reversed. *Commonwealth v. Alton*, 209 Pa.Super. 168, 224 A.2d 792 (1966); *Commonwealth v. Young*, 184 Pa.Super. 658, 135 A.2d 774 (1957); *Commonwealth v. Miller*, 173 Pa.Super. 168, 96 A.2d 153 (1953).

Furthermore, an order adjudicating guilt must be entered, even though it is implicit in the lower court's actions and opinion that the court considered the evidence supportive of a finding of guilt. *Commonwealth v. Carter, supra; Commonwealth v. Wenyon*, 230 Pa.Superior Ct. 342, 326 A.2d 633 (1974)." (Footnote omitted) *Commonwealth v. Gula*, 300 Pa.Super. 445, 446, 446 A.2d 938, 939 (1982).

In compliance with the dictates of *Gula,* I would reverse and remand with direction to the lower court to enter either a finding of guilty or not guilty. Since the Commonwealth precipitously places the instant appeal before this Court, we are foreclosed from reaching the merits of the issue raised. *Commonwealth v. Gula, supra.* Therefore, I respectfully dissent.