## Fuhr v. Fuhr

*Sally A. Steele,* assistant district attorney, for plaintiff.

*James E. Davis,* for defendant.

GARDNER, *P.J.,* February 24, 1984—On August 25, 1965, a decree was issued by a Wisconsin Circuit Court dissolving the marriage of Loraine Fuhr and Jerome Fuhr, respectively plaintiff and defendant herein. Plaintiff has continued to live in Green Bay, Wisconsin, and defendant is presently residing at R. D. No. 3, Tunkhannock, Wyoming County, Pa.

Included in the divorce decree was an order of "permanent alimony" in the amount of $375 per month which was to be paid by defendant to plaintiff. Plaintiff has alleged that these payments due her ceased on or about January 7, 1983 and, therefore, has filed a petition for Registration and Confir-

mation of a Foreign Support Order[1] under the Uniform Reciprocal Enforcement of Support Act (URESA). This petition, which was filed by the Domestic Relations Office of Wyoming County on behalf of plaintiff, is the subject of this action.

Defendant has advanced several theories attacking the propriety of this petition. However, since we agree with his two principal arguments, it is unnecessary to examine all of the contentions.

## I

First, defendant asserts that the alimony order of the Wisconsin court cannot be enforced under Section 506 of the Pennsylvania Divorce Code,[2] because the Wisconsin order was issued approximately 15 years prior to the effective date of the Code.[3]

Plaintiff contends that the Divorce Code should apply retroactively to include matters such as the instant one and, as support for this position, cites Krenzelak v. Krenzelak, ____ Pa.Super. ____, 453 A.2d 998 (1982). In that case, the court decided that retroactive application of Section 403(d) of the Divorce Code would not be "intolerably burdensome" to the parties and allowed such application. Furthermore, the court stated, in *dicta*, that "(i)t would be anomolous to apply one section of the Code retroactively, while refusing the same application to another section." It is this statement that the plaintiff suggests controls the issue instantly. We cannot agree.

First of all, this statement was made immediately following a rather detailed analysis of the factual sit-

---

1. Act of April 2, 1980, P.L. 63, No. 26, §506, 23 P.S. §506.

2. Act of 1980, supra, 23 P.S. §101 et. seq.

3. The order was issued August 25, 1965; the Divorce Code became effective July 1, 1980.

uation. If the decision to apply the code retroactively was as clear as plaintiff suggests, the Krenzelak court would certainly not have been forced to scrutinize the situation as closely as it did.

Secondly, this statement is merely dicta and is, therefore, not binding on us.

Finally, and most importantly, we cannot ignore Section 103[4] of the Divorce Code, where the legislature has expressly provided that "the provisions of this Act shall not apply to any case in which a decree has been rendered prior to the effective day of the Act." As stated earlier, the Wisconsin decree was rendered long before the effective date of the code.

It is axiomatic that the legislature is presumed to have intended to avoid mere surplusage in words, sentences, and provisions, and courts must, therefore, construe a statute, if possible, so as to give effect to every word. Habecker v. Nationwide Insurance Company, 299 Pa.Super. 463, 445 A.2d 1222 (1982); Lukus v. Westinghouse Corporation, 276 Pa.Super. 232, 419 A.2d 431 (1980). By granting the plaintiff's request in the present matter, we certainly would not be giving effect to every word in the statute. Furthermore, it is assumed that the legislature uses words in their standard, or accepted, sense. Commonwealth v. Ashford, 263 Pa.Super. 100, 397 A.2d 420 (1979). Viewed in this light, Section 103 of the Divorce Code was designed to prevent exactly that which plaintiff is attempting to do.

Notwithstanding the apparent clarity of the legislature's intent, the court in Kramer v. Kramer, 21 D.&C.3d 94 (1981), concluded that the purpose of Section 103 is to prevent the creation of new substantive rights in parties that were divorced under

---

4. Act of 1980, supra, 23 P.S. §103.

the old Pennsylvania Divorce Laws. We feel that if the legislature had intended that the courts make this "substantive-non-substantive right" dichotomy, they would have provided for such within the four corners of the statute.

In response to the Kramer rationale, we need look no further than Kratz v. Kratz, 477 F.Supp. 463 (1979), wherein the court stated that "(b)eyond doubt, the best evidence of statutory intent is the text of the statute itself and, thus, when the text of the statute is unambiguous, *it is unnecessary for the court to go beyond the statute in search of meaning for its language.*" (Emphasis added.)

Thus, it is our opinion that the statute itself and several accepted rules of statutory construction prohibit the retroactive application of the Divorce Code of 1980 in this instance.

## II

In defendant's second principal argument, he asserts that the alimony order of the Wisconsin court is contrary to the public policy of Pennsylvania both before and after the enactment of the Divorce Code of 1980, in that the order was for permanent alimony.

Plaintiff concedes that Section 501(c) limits the duration of the alimony to a period of time to allow the "party seeking alimony to meet his or her reasonable need by: (1) obtaining appropriate employment or (2) developing an appropriate employable skill." The plaintiff complains, however, that the legislature did not define what was meant by the reasonable needs of a person seeking alimony or what appropriate employment is. This omission by the legislature, the plaintiff contends, is tantamount to providing for permanent alimony. Although there

are certainly instances where alimony under the Divorce Code may end up being permanent, we do not subscribe to the plaintiff's theory that the legislature contemplated "permanent alimony" when the statute was enacted.

Defendant, on the other hand, points to a line of pre-Divorce Code cases in which Pennsylvania courts specifically forbid enforcement in Pennsylvania of foreign alimony orders through URESA. See Commonwealth ex rel. Jones v. Jones, 216 Pa.Super. 1, 260 A.2d 809 (1969), and Commonwealth ex rel. Platt v. Platt, 227 Pa.Super. 423, 323 A.2d 29 (1974). Additionally, defendant directs our attention to Stambaugh v. Stambaugh, 458 Pa. 147, 329 A.2d 483 (1974), wherein the court concluded that Pennsylvania courts would not extend full faith and credit to a Florida decree awarding permanent alimony.

It is true, as stated above, that each of these decisions were rendered prior to the enactment of the Divorce Code of 1980, and where a new statute expressly contradicts prior case law, then that case law should be disregarded. It is also true, however, that when words of a statute are not explicit, the intent of the legislature may be ascertained by construing former law. Lisowski v. Mastromarco, 281 Pa.Super. 303, 422 A.2d 180 (1980). Since we have been unable to find anything within the Divorce Code that expressly provides for permanent alimony in Pennsylvania, the latter of the above-espoused propositions is applicable here. Thus, absent any legislative instruction to the contrary, we find, as in the Stambaugh decision, that a foreign order of *permanent* alimony cannot be enforced in Pennsylvania through URESA.[5]

---

5. Since preparation of this opinion, we note the reversal of Krenzelak by the Supreme Court of Pennsylvania, at least as to property rights vested prior to the effective date of the Divorce Code.

## ORDER

And now, February 24, 1984, for the reasons set forth in the accompanying opinion,

It is ordered that the petition to vacate the registration of an order of the Circuit Court of Brown County, Wisconsin of permanent alimony in favor of plaintiff and against the defendant and dated as of July 16, 1965, as a support order enforceable in this court under the provisions of the Uniform Reciprocal Enforcement of Support Act, be and the same is hereby granted.

It is further ordered that the registration of the said Wisconsin order be and the same is hereby vacated.