## Pa. Dept. of Labor and Industry v. Remsburg

*Richard C. Lengler,* for plaintiff.
*William C. Cramer,* for defendant.

KAYE, *J.*, March 30, 1988 — In this case of first impression in the commonwealth, the court is asked to decide whether a defendant in an action brought under the Minimum Wage Act of 1968, 43 P.S. §333.101 et seq. may bring a counterclaim. Although other issues have been raised in this proceeding, the disposition of this matter makes it unnecessary to consider those additional issues.

This case was commenced by the filing of a civil complaint before District Justice Betty M. Keebaugh by the Commonwealth of Pennsylvania, Bureau of Labor Standards, on behalf of George Lynch, against Larry Remsburg, trading and doing business as Remsburg Amoco, seeking recovery of wages allegedly underpaid pursuant to provisions of 43 P.S. §§333.104(a)(4) and 333.104(c). Following entry of a judgment favorable to plaintiff on August 25, 1987, defendant filed a notice of appeal in the office of the prothonotary of Fulton County on September 11, 1987. Pursuant to praecipe, a rule was issued upon plaintiff-appellee to file a complaint within 20 days of service. On October 1, 1987, plaintiff-appellee filed its complaint setting forth the above claim. On October 23, 1987, defendant-appellant filed an answer containing new matter and counterclaim. On November 9, 1987, plaintiff-appellee filed preliminary objections to the latter pleading, in the nature of a motion to strike, a petition raising the issue of non-joinder of a necessary party, and challenging service of the counterclaim as to George Lynch.

The preliminary objections were placed on the argument list for February 9, 1988. Prior to argument, counsel sought and were granted leave to waive oral argument, and to permit the court to dispose of the matter on briefs.

Initially, we will note that the statutory provision under which this proceeding was brought reads as follows:

"If an employee is paid by his or her employer less than the minimum wages provided by section 4 of this act or by any regulations issued thereunder, such worker may recover in a civil action the full amount of such minimum wages less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between the employer and the worker to work for less than such minimum wage shall be no defense to such action. At the request of any employee paid less than the minimum wage to which such employee was entitled under this act and regulations issued thereunder, the Secretary [of Labor and Industry] may take an assignment of such wage claim, in trust for the assigning worker and may bring any legal action necessary to collect such claim, and the employer shall be required to pay the cost and such reasonable attorney's fees as may be allowed by the court." 43 P.S. §333.113.

It is noted that MWA is silent on the question raised in the case under consideration. However, the above-cited statutory provision creates the authority for the assignment of "[s]uch wage claim" to the Secretary of Labor and Industry, who then may act in behalf of claimant to collect the claim. Such authority is conferred upon the commonwealth only in very limited situations and only where the legislature finds that there is a broad-based public interest in providing legal assistance at the expense of the taxpayers of the commonwealth. If we were to permit defendant to proceed with the counterclaim, which is ancillary to the primary cause of action, we would, in effect, compel the

commonwealth to shoulder the burden of the defense of this claim. We are reluctant to do so in the absence of statutory authority.

When the words of a statute are not explicit, the intent of the legislature may be ascertained by construing former law including other statutes on the same or similar subjects. *Lisowski v. Mastromarco*, 281 Pa. Super. 303, 422 A.2d 180 (1980); 1 Pa.C.S. § 1921 et seq. In the case before the court, the MWA in question does have a counterpart — the Wage Payment and Collection Law of 1961, 43 P.S. § 260.1 et seq. The primary difference between the MWA and the WPCL is that the MWA authorizes legal action to collect the employees *statutorily guaranteed wages;* whereas, the WPCL authorizes legal action to collect *contractually agreed-upon wages.*

Section 9.1(c) of the WPCL provides that the "good faith assertion of a right of set-off or counterclaim [by the employer] shall be deemed a satisfactory explanation for non-payment of such amount in dispute or claimed as a set-off or counterclaim." 43 P.S. §260.9a (c).

Section 9.1(e) of the WPCL allows the employer "to set-off or counterclaim against the assigning party" in any action brought by the Secretary of Labor and Industry to collect unpaid wages under this statute. 43 P.S. §260.9a (e).

There is no language in the MWA which would allow set-offs or counterclaims. In determining the intent of the General Asssembly, the court must consider similar legislation, the object to be attained, and results of a given interpretation. *Royal Indemnity Co. v. Adams*, 309 Pa. Super. 233, 455 A.2d 135 (1983); *Commonwealth v. Hess*, 270 Pa.

Super. 501, 411 A.2d 830 (1979), appeal dismissed 499 Pa. 206, 452 A.2d 1011 (1982). In addition, it must be emphasized that in construing a statute, the court must keep in mind that the General Assembly is presumed to favor public interests over private interests. *Chesler v. Government Employees Insurance Co.*, 302 Pa. Super. 386, 448 A.2d 1080 (1982), reversed on other grounds, 503 Pa. Super. 292, 469 A.2d 560, amended 504 Pa. 426; see also 1 Pa. C.S. §1922(5).

In the case at bar, the MWA authorizes legal action to collect *any* employee's *statutorily guaranteed minimum wage* for "[e]mployees[1] employed in such occupations[2] [who] are not as a class on a level of equality in bargaining with their employers[3] in regard to minimum fair wage standards," 43 P.S. §333.101, whereas, the WPCL enforces an employee's right to contractually agreed-upon wages due. Therein lies the difference. While the MWA protects what is guaranteed to all wage earners (a minimum wage), the WPCL protects employees by providing statutory remedies for an employer's breach of its *contractual* obligation to pay wages. This law does not create a right to compensation, *Sendi v. NCR Comten Inc.*, 619 F. Supp. 1577 (E.D. Pa. 1985), affirmed 800 F.2d 1138; *Ward v. Whalen*, 18

---

1. "Employee" includes *any* individual employed by an employer. 43 P.S. §333.103(h). (emphasis supplied)

2. "Occupation" means *any* industry, trade, business, service or employment or class or group thereof in which individuals are gainfully employed. 43 P.S. §333.103(e). (emphasis supplied)

3. "Employer" includes *any* individuals, partnership, association, corporation, business trust or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee. 43 P.S. §333.103(g). (emphasis supplied)

D.&C. 3d 710 (1981); see also, *Mirkin v. Cintas Corp.*, 538 F. Supp. 145, 148 (E.D. Pa. 1983).

To permit an act, which provides a guaranteed minimum wage for all wage earners, to be interpreted to allow for set-offs or counterclaims by employers would undermine the public purpose of the act (a guaranteed minimum wage "for the protection of industry and of the employees employed therein. . .")[4] in favor of an employer's private interests.

As stated, that public purpose is to guarantee a decent standard of living for all wages earners. *Commonwealth v. Hess, supra*; 43 P.S. §333.101.

The predominant purpose of the MWA is the protection of the "employee" as that term is defined in the act. It is not intended to provide a mechanism to resolve disputes over other alleged obligations which exist between the employer and employee and to utilize public funds to provide counsel to litigate what is essentially a private dispute. The employer in this situation is free to pursue other remedies available through our courts to any creditors, so nothing herein will unfairly prejudice his rights in that regard.

We will grant plaintiff's motion to strike defendant's counterclaim in this action under the MWA. It therefore is unnecessary to consider the additional issues raised in this matter.

## ORDER OF COURT

Now, March 30, 1988, plaintiff's motion to strike defendant's counterclaim is granted.

---

4. 43 P.S. §333.101.